ALBANY,
August, 1805.

Hinckley
v.
Boardman.

the declaration and notice, but adding, that he thought the supreme court, at which he was noticed to appear, sat at *Salem*, in the county where the lands in question lie ; nor did he know to the contrary till a few days before the circuit court, when he was first informed that the supreme court did not sit at *Salem*, and that the court held there was only for the trial of issues joined in the supreme court, and that he had a good and substantial defence.

*Shephard* contra, insisted that the sittings of the supreme court being regulated by statute, were matter of general notoriety, and therefore no excuse was shewn for the default. Besides, there had been a loss of a trial.

*Per curiam.* This is in ejectment : were we not to interfere, the possession would be changed. Take your motion on payment of costs.

## Wilson *against* Guthrie.

A regular default set aside upon payment of costs, the defendant having supposed the suit in the common pleas, and having retained an attorney to defend there.

ON an affidavit by the defendant, that when served with the writ in this cause, he supposed the suit to be in the common pleas, and had " a substantial defence," corroborated by the deposition of his attorney, that he was retained to defend upon information by the defendant that the suit was in the common pleas, and knew not to the contrary till he gave notice of retainer, the court set aside a regular default and subsequent proceedings upon payment of costs.

## Hinckley *against* Boardman.

Where a verdict has been rendered in this court for less than 250 dollars, and afterwards set aside, the ordering supreme court costs is discretionary ; but though none be specified, if it be on payment of costs, and the

RUSSEL, on an affidavit stating, that in the present suit, the recovery had been less than $250 ; that the verdict had been set aside on payment of costs, which had been taxed at those of this court, and paid over, moved, on the part of the defendant, that the taxation should be reviewed, and every thing received beyond the costs of the common pleas, returned.

*Shephard* contra, read an affidavit stating, that after the rule to set aside the verdict had been obtained, he, as attorney to the plaintiff, made out the bill of costs, and submitted the party obtaining the rule, serve a copy of a bill of costs of this court, with notice of taxation, and the party served do not attend, on which an *ex parte* taxation takes place, and supreme court costs are allowed and paid, it is a waiver of the right, if any, to insist on common pleas costs.

ted it to *Mr. Russel*, who made objections to some *items*, all of which were immediately struck out. That notice of taxation was then duly served, but no person attending on behalf of the defendant, the bill was taxed *ex parte*, the costs received, and the allowance for the attendance of witnesses actually paid to the plaintiff.

ALBANY, August, 1805.

Witmore
v.
Russel.

SPENCER, J. When the motion was made for a new trial, we were asked to grant a favor; the terms on which we would accord it, were in our discretion, and had costs been mentioned, we ought, in my opinion, to have allowed those of this court.

THOMSON, J. I do not think so. The rule was intended to be on payment of legal, taxable costs. It is not to be supposed, that a plaintiff should, on a defence, recover more than on a default.

LIVINGSTON, J. When interlocutory matters are set aside, we ought not to look forward to what might be recovered, or back on that which has been; supreme court costs appear to me the most proper to be awarded.

TOMPKINS, J. I conceive when the verdict was set aside, it was on payment of such costs as were legally due. But I consider the defendant, by not attending the taxation after service of a copy of the bill of costs, to have waived all opposition to their amount.

KENT, C. J. He should have appeared and contested the taxing. His not doing so is a waiver of his right. Had it been otherwise, I should think the costs of the common pleas only were recoverable, though we certainly might have allowed supreme court costs had we pleased so to do. As things are, you can take nothing by your motion, and must pay the costs of resisting.