ALBANY,
October, 1823.

LYON
v.
WILKES.

## LYON, ex dem. EDEN et al. against WILKES et al.

In ejectment, and verdict for the plaintiff, the costs in this cause and ten others, on the same demise, had been taxed upon notice.

At the last term, *D. S. Jones*, for the defendant, moved for a retaxation, and made the following objections, among others:

1. That witnesses' fees were taxed, without proof of their attendance on the trial.

2. That the fees for the attendance of surveyors, as witnesses, were taxed at $1,25 per day, though there had not been a view.

3. As to one of the causes, though noticed for the *April* sittings, in 1820, the plaintiff had not placed it upon the general calendar, notwithstanding which the costs of carrying it down had been taxed.

*D. Cady* and *A. Burr*, contra, took a preliminary objection, that it did not appear from Mr. *Jones'* papers, that these objections had been made before the taxing officer; that this is a proceeding in nature of an appeal, and the Court will not notice points which are made here for the first time.

The Court being of this opinion, *Jones*, by leave, withdrew his papers, and renewed the motion at a subsequent day in term, upon an affidavit that the same objections had been made before the taxing officer; but no proof by affidavit was offered, that he acted without evidence in allowing for the attendance of witnesses; on the contrary, the Attorney for the plaintiff made oath that such evidence was produced, though he did not state what it was.

*D. Cady* and *A. Burr*, contra.

The court will not hear a motion to re-tax a bill of costs, upon a point not made before the taxing officer.

Merely objecting before him, to an item for witnesses' fees, on the ground of their non attendance according to the charge, is not a sufficient ground upon which to move for a re-taxation;

For it will be intended that due proof of their attendance was made before him, until the contrary appear.

Surveyors, attending as witnesses, are entitled to no higher compensation than ordinary witnesses, except in causes where there has been a view.

The plaintiff, on succeeding, is entitled to have the costs of carrying down the cause to a previous circuit or sittings, taxed, though it was not placed upon the calendar. But in such case, the fees for placing it upon the calendar cannot be taxed.

ALBANY,    *Curia.* The mere circumstance, that the items for wit-
October, 1823. nesses' fees were objected to before the taxing officer, is not
LEMON      a sufficient ground of moving for a re-taxation. There is no
v.         affidavit here, nor was there any before the taxing officer,
STAATS.    that the witnesses did not attend, as charged in the bill. In
the absence of evidence to the contrary, we will intend,
that he had due proof of their attendance.

The charge for the attendance of a surveyor, at $1,25 per
day, is inadmissible, except where a view is had in the cause.
In all other cases, he stands upon the footing of an ordinary
(a) 2 R. L. 29. witness, and this item must be reduced accordingly.(a)

These causes were all noticed and carried down for trial.
The omission to place any one of them upon the calendar,
is no cause against taxing the costs of carrying it down.
The defendants might have moved to enter a *ne recipiatur,*
but they did not do it, and the plaintiff had a right to hazard
this. The fees charged for putting the causes on the calen-
dar must, however, be stricken out.

Rule accordingly.