Webb v. Crosby.

## Webb vs. Crosby.

Where the taxed bill of costs, and the affidavits, used before the taxing officer in support of the charges in the bill of costs, were neither filed with the register, nor left with the taxing officer, the adverse party, upon an application for re-taxation, is not bound to serve a copy of the taxed bill, or of the affidavits used in support of the same. But it is sufficient if he moves upon the bill of costs, as served upon him previous to the taxation, and upon evidence showing what took place before the taxing officer.

Where the objections to the items of the bill are made orally, before the taxing officer, the proper course of the party asking for a re-taxation, is to state, in an affidavit, what took place on the taxation, and to serve a copy of the affidavit upon the adverse party, with the notice of the motion for re-taxation.

The review of the decision of the taxing officer must be made upon the evidence which was before him, and not upon new affidavits as to the correctness or incorrectness of the items allowed.

It is not necessary to serve copies of the papers, used before the taxing officer, with the notice of the motion for a re-taxation; but it is sufficient to produce to the court, upon the hearing of the motion, the papers used before such officer, or copies thereof, together with satisfactory evidence of their authenticity.

And as the taxed bill, with the affidavit annexed thereto, is delivered to the party whose costs are taxed, it is not necessary for the adverse party, who applies for a re-taxation, to produce such affidavit.

Where such affidavit is not produced by the party, in whose possession it is supposed to be until it has been regularly filed, if there is nothing to induce a belief that it was defective, the court may presume that it was in the form prescribed by the 130th rule. The defendant cannot charge, against the complainant, the postage on a further answer, sent by mail to be filed, as such charge arose from the defendant's neglect to put in a perfect answer in the first place.

Nor can a party charge his adversary with postage on the pleadings in the cause, which were sent to counsel to enable such counsel to cross-examine a witness.

A defendant can charge for the draft, engrossing and copies of so much of his further answer as was necessary to make the first answer full and complete; but not for drawing, engrossing, and copying the jurat, and for the verification of the same, which would not have been necessary if the first answer had been perfect.

A copy of the order to produce witnesses, to serve, cannot be charged, in addition to the notice of the entry of such order.

Nor can a charge for draft, and copies of a list of witnesses to be examined, be charged in addition to a notice of such list. The list of witnesses required to be delivered, by the 83d rule, is nothing but a notice to the adverse party, or to the examiner, of the witnesses to be examined in the cause; and such list is to be charged for as a notice merely.

Where a cause is submitted upon written arguments, counsel fees for counsel, not exceeding two, who were actually engaged to argue the cause, and who prepared the written arguments, are taxable.

Webb *v.* Crosby.

But an allowance to the solicitor, of a fee for attending the argument of the cause, cannot be made where the cause is submitted on written arguments.

A defendant, who is entitled to costs, can charge the adverse party for a copy of the testimony, of his witnesses, to be used on the hearing of the cause.

Where charges are allowed, upon taxation, for prospective services, such charges are to be deducted from the taxed bill, if such prospective services are rendered unnecessary, by the payment or tender of the costs before the services are performed. And if the solicitor of the party entitled to the costs refuses to deduct the amount of such charges for prospective services, the party who is compelled to pay the same to prevent further costs, will be entitled to recover them back, with treble damages.

THIS was an application by the complainant for a re-taxation of the defendant's costs, upon a decree for the dismissal of the bill with costs. The complainant gave notice that he should move for re-taxation of certain items, which were allowed by the taxing officer, although objected to on the taxation; and that he would found his application upon a copy of the bill of costs served, and of his objections to the same, and upon the bill, answers, depositions, and all other papers in the cause used before the taxing officer, in taxing the costs. But he did not serve on the defendant's solicitor a copy of the bill as taxed, and of the affidavits annexed to the bill, nor in support of the charges therein; and the defendant's counsel made that objection to the regularity of the application.

*W. D. White*, for the complainant.

*O. L. Barbour*, for the defendant.

THE CHANCELLOR. The objection, that a copy of the taxed bill, and of the affidavits in support of the same, were not served, is not well taken. As the taxed bill was not filed with the register, within twenty days after taxation, as required by the rule of the court, it was impossible for the solicitor of the adverse party to produce a copy thereof upon the hearing of the motion. He has done, however, what is sufficient, in producing the copy of the bill as served, with the remarks of the taxing officer thereon, showing what items were allowed and what were disallowed.

And he also produces the certificate of the taxing officer, showing that neither the separate affidavit in support of the bill of costs, nor the affidavit which was annexed to the bill itself before taxation, as required by the rule, was left with him, but that they were taken by the defendant's solicitor, or counsel. It is for the defendant, therefore, to produce those affidavits, on this motion, if he wishes the benefit of them; and his counsel has, therefore, very properly produced them.

Where the objections to the items of the bill are made orally, before the taxing officer, the proper course for the party asking for a re-taxation, is to state, in an affidavit, what took place on the taxation, and to serve a copy of that affidavit upon the adverse party, with the notice of the motion for re-taxation. And as the review of the decision of the taxing officer must be made upon the evidence which was before him, and not upon new affidavits, before the court, as to the correctness or incorrectness of the items allowed, it is not necessary to serve copies of the papers which were used before the master, with the notice of the application, for re-taxation, which is to be given to the adverse party. But it is sufficient to produce to the court, upon the application, the papers used before the taxing officer, or copies thereof, together with satisfactory evidence of their authenticity. And as the taxed bill, with the affidavit annexed thereto, is delivered to the party whose costs are taxed, it is not necessary for the adverse party, who applies for a re-taxation, to produce such affidavit. Where it is not produced, by the party in whose possession it is supposed to be until it has been regularly filed, if there is nothing to induce a belief that it was defective, the court may presume it was in the form prescribed by the 130th rule. Here the objections to the items of the costs were in writing, and were annexed to the copy of the bill as served on the complainant's solicitor with notice of taxation; and they stated the grounds of such objections and the facts upon which they were based, and were delivered to the taxing officer, with an affidavit of the complainant's solicitor as to the truth of the grounds of such objections. And these original objections, and the affidavit and other papers, are produced, with the taxing officer's remarks thereon, and a state-

ment of his taxation, showing that he had the objections and evidence before him, and had acted upon them.    This is all that is necessary to enable the court to review his decision understandingly, and upon the same evidence which was before him.

The decision of the taxing officer, upon nearly all the items objected to, was undoubtedly correct, and as to most of them was so clearly so that it is unnecessary to remark upon them, although many of such items are still objected to by the complainant's counsel.

As about $40 is charged for postage, in this bill of costs, it is necessary to scan the charges for such postage closely.    The first charge of that kind which is objected to, and which was not wholly disallowed by the taxing officer, is a charge of $4,13 for "postage on further answer to file, and on bill and other papers to J. R., to be used by him as counsel on taking depositions at Albany." The taxing officer has stricken out $2 of this gross sum, and has allowed the residue.    I think, however, he erred in allowing any of it.    For the complainant was not properly chargeable with the postage upon the further answer of the defendant to file—that being a charge arising from the neglect of the defendant to put in a perfect answer in the first place.    Nor was it necessary to send the whole of the pleadings in the cause to counsel to enable him to cross-examine a witness, whose whole deposition contained but six folios, and whose cross-examination did not amount to one.    The solicitor is allowed for instructions for the examination of the witnesses of his client, and for the cross-examination of those of his adversary.    And if those instructions are properly drawn, the counsel will be able to examine or cross-examine a witness without having the pleadings in the cause also before him.    If the pleadings were furnished for that purpose, therefore, as charged in the bill, the disbursement was unnecessary and should not have been allowed.    Again; I think there must be a mistake in supposing that the pleadings were sent to counsel at Albany, for that purpose, at the same time that the further answer was sent to be filed.    For it appears, by the bill of costs, that the defendant was compelled to put in a third answer before a replication was filed, so as to put the cause in a situa-

Webb v. Crosby.

tion to take testimony. The whole of this item of postage must, therefore, be stricken from the bill.

The taxing officer was right in allowing for the draft, and engrossing, and copies of so much of the further answer, and of the third answer, as would have been required to make the first answer full and complete; and he has stricken out the charges for drawing, engrossing, and copying the jurats, and for the swearing to these further answers, and other charges of the like nature, which would not have been necessary if the first answer had been perfect. This was in accordance with the decisions of this court upon the subject. (*See* 2 *Paige's Rep.* 51; *and* 8 *Idem*, 619.) The fourteen cents for a copy of the order to produce witnesses, to serve, in addition to the notice of the order, was not taxable; and should have been stricken out.

The solicitor was not entitled to charge for the drawing and copies of the list of witnesses to be examined, and also for notice of the list. Both could not be necessary; nor could it be necessary to spin out a list of witnesses to the length of three folios, when but half a dozen witnesses were to be examined in the cause on both sides. The list of witnesses required by the 83d rule, to be delivered, is in fact nothing but a notice to the adverse party, or to the examiner, of the witnesses who are intended to be examined, in the cause, by the party giving such notice. And it is allowed as a notice merely, in the precedent of costs settled by the court and annexed to the printed rules. It should, therefore, be taxed as a notice only; and the charges for drawing, and for the copy of the list of witnesses to be examined, amounting to $1,05, in addition to the charge for the notice of the witnesses intended to be examined on the part of the defendant, should have been disallowed by the taxing officer.

The cause was not argued in court, but after two counsel had been employed to argue it, and had attended at the term for that purpose, the parties agreed that written arguments should be exchanged, and that the cause should be submitted upon the pleadings and proofs, and upon such written arguments; and it was submitted accordingly. Under those circumstances the complainant's solicitor objected, before the taxing officer, that neither

the solicitor's nor counsel fees upon the argument were taxable; but both were allowed. I think the taxing officer was right in relation to the counsel fees. Counsel are allowed for arguing every cause upon the merits, eight dollars to each counsel not exceeding two. And where two counsel are actually engaged to argue the cause, and by consent submit their arguments to the court upon paper, instead of delivering them orally, there is no good reason why they should not be allowed their fees for the argument. But this will not justify the allowance of counsel fees where counsel do not in fact examine the case, and prepare written arguments for the court. In this case I have no doubt that the written arguments were in fact prepared by the counsel who were employed to argue the cause, and not by the solicitor merely. The allowance for counsel fees is, therefore, sustained. The allowance to the solicitor, however, depends upon a different principle, and must be rejected. The allowance of five dollars to him, by the fee bill, is for "actually attending the court of chancery upon the argument of a cause." And from the note of Chancellor Kent to this item, in the fee bill of 1818, which was prepared by him, it is evident that this fee was only intended to be allowed, to the solicitor, upon his personal attendance in court upon the argument of a cause. It cannot, therefore, be taxed for a mere constructive attendance; nor can it be allowed where the cause is submitted, upon written arguments, out of court.

The copy of the testimony of the defendant's witnesses, to be used on the argument of the cause, was properly taxable. For it was necessarily made, to be used at the August term, although it was not sent to Mr. Rhoades in time to be submitted to the court, under the stipulation subsequently entered into between the solicitors.

The two charges of $4.50 for "postage on bill, answer, and written argument to J. R. to be used on final argument and submission of cause," and of $7.31 for "postage on papers in the cause used by counsel on argument," do not appear to be proper charges against the complainant, and ought not to have been allowed. The facts stated in the objection, and sworn to by the

complainant's solicitor, show that the papers mentioned in the first of these charges, could not have been sent until long after the submission was completed, and after the defendant's solicitor had notice of the fact.   By the stipulation, after the written arguments were exchanged the defendant's solicitor was *forthwith* to send his papers to J. R. to be submitted, without any oral argument.   All the papers, therefore, which were required by the rules, or which were necessary to be sent for the submission, were copies of the defendant's depositions, abstracts of his exhibits and written arguments and points.   The final arguments were exchanged on the 19th of September, and the submission was completed, and notice thereof served, on the 7th of October thereafter, at which time the papers that the defendant should have furnished had not been received by J. R.   The complainant, therefore, was authorized to furnish these papers for the court, himself, which he did; and the defendant's solicitor, after the cause had been decided in his favor, was not authorized to have all these papers, which had been thus uselessly sent to Albany, returned to him by mail, at the expense of the adverse party, for the mere purpose of enabling the defendant's solicitor to make up his bill of costs.   And they could not have been necessary for any other purpose in this suit; as the bill was dismissed with costs, and there was no appeal.

The allowance to counsel, for perusing and amending the decree, was properly taxable; for the decree contained special provisions, as to the reservation of the rights of the parties to the surplus moneys in the foreclosure suit, and the right of the complainant to subrogation, &c.   The charges for prospective services are all proper, if those services shall be in fact performed before the costs are paid or tendered; but if not, they must of course be deducted.   And in case the defendant's solicitor refuses to make the deductions, upon payment, or a tender of the costs, before such prospective services shall have been rendered, and the complainant is thus compelled to pay the same to avoid further expense, they can be recovered back, with treble damages.

The objectionable items above enumerated, amounting to $20,13, must be deducted from the bill as taxed, and neither party is to have costs as against the other upon this application.