JESSE PURDY agt. JOSEPH W. MORGAN and JOHN MORGAN.

TAXATION OF COSTS.—Costs on the part of defendants, for attending the circuit with their witnesses prepared to try the cause, can not be allowed where the defendant left court under an apprehension that a criminal cause would occupy the remainder of the circuit, but was disposed of, and the defendants' cause was called and an inquest taken, no one appearing on the part of the defendant to try. The inquest afterwards set aside on terms, and the defendants finally succeeded in the suit.

*April Term*, 1846.

MOTION by plaintiff for a retaxation of defendants' costs.

An inquest *was taken in this cause at November    [*150] circuit, 1844, in its regular order on the calendar, no one appearing on the part of the defendants. On the 8th February, 1845, defendants moved to set aside the inquest, which was granted on payment of costs of circuit and subsequent proceedings, and seven dollars costs of opposing the motion, plaintiff at liberty to perfect judgment to stand as security. The defendants succeeded in the final event, and in their bill of costs charged " Attorney and counsel fee prepared to try, $6 ; Dr. and eng. subpœna, $1 ; 6 tickets, $1.50; serving same, 0.75 ; ticket money, $3 ; 6 witnesses traveling (returning) 168 miles, 4 cents a mile, $6.72 ; paid judge for order staying proceedings, $1."

The first five of the items mentioned were the costs of defendants for November circuit, 1844. Plaintiff objected to those items, on the ground that the cause was called in its regular order on the calendar at November circuit, 1844, and n.

person appeared on behalf of the defendants, and an inquest was taken, that afterwards the inquest was set aside by defendant, on payment of the costs of the circuit, &c. And as to the sixth item, the charge of one dollar paid the judge for an order staying proceedings, it was objected that it was an *ex parte* order, obtained by the defendants for their own benefit, in order to prevent the plaintiff perfecting judgment upon the inquest taken by him. Plaintiff stated that these objections, taken before the taxing officer, were not denied or disputed on the part of the counsel attending the taxation for defendant, and a copy of the order setting aside the inquest was produced before the taxing officer.

On the part of the defendants, it appeared that they attended the November circuit, 1844, with their witnesses, with an intention to try the cause, when a criminal cause was taken up for trial, which it was supposed would occupy the remainder of the circuit, and the defendants left, expecting this cause could not be tried at that circuit; but the criminal cause was disposed of sooner than was anticipated, and this cause was called and an inquest taken. The taxing officer decided that the items objected to were proper charges, and allowed them after deducting $5.19 therefrom.

> G. R. J. BOWDOIN, *plaintiff's counsel.*
> GEORGE P. NELSON, *plaintiff's attorney.*
> N. HILL, JR., *defendants' counsel.*
> McCOUN & CLARK, *defendants' attorneys.*

BEARDSLEY, Justice. Ordered a retaxation, on the ground that the items objected to were not taxable.