## James Whipple vs. Daniel C. Williams.

A motion may be noticed for a day in term (special) other than the *first*, if a sufficient excuse appear upon the moving papers.

The acts of a clerk in adjusting and settling the amount of costs, under § 11 of the code, (not being a regular and orderly taxation as under the former law) are not necessarily final and conclusive, because no *review* is expressly given in the act. The court has, as one of its incidental powers, the right to control the legal acts, and compel a performance of legal duty of all its inferior officers. And the exercise of this power is peculiarly necessary in the formal and proper entry of the judgment.

Where a party is entitled to the costs of a circuit, (for attendance, &c.) he should move the first opportunity after the circuit adjourns. (5 Wend. 82 ; 1 Howard's Pr. R. 105 ; 2 Wend. 288 ; 7 Wend. 519.)

Where only the plaintiff notices the cause for trial, and has it in his power to try, but for any reason does not choose to do so, he cannot recover the costs of the circuit.

Service of notice on Saturday for Monday (intending to be a two days' notice) to settle and adjust costs, before the clerk, *held* to be insufficient. There should be two full *business* days. *It seems*, that *Sunday* intervening should be excluded in the computation of the time for service, where the time is *less* than one week.

Costs of the motion will not be allowed, where the notice of motion asks for more than the party is entitled to.

*Oneida Special Term, June,* 1849. This was an action of slander commenced under the code, and was noticed for trial by the plaintiff, at the circuit held in Otsego in December, 1848, but was not noticed on the part of the defendant. The defendant attended prepared for trial, but the cause was not moved by the plaintiff. The plaintiff again noticed the cause for trial in January, but countermanded his notice before the commencement of the circuit, and the defendant did not notice the cause. The cause was tried at the March circuit, and a verdict rendered for the plaintiff. The attorneys of both parties reside in New Berlin, Chenango county. Between eight and nine o'clock in the evening of Saturday, the 31st day of March, the plaintiff's attorney served upon the defendant's attorney, by leaving at his office a copy of costs in the cause, with notice that the same would be settled and adjusted by the clerk of Otsego county, Cooperstown, some thirty or forty miles distant, on Monday, at nine o'clock, A. M. The costs were adjusted by the clerk at the time mentioned in the notice, and the amount inserted in the record ; and among other items the plaintiff was allowed $1.50 for serving the complaint, the same not having been served by a sheriff ; and $22.82 for the attendance of witnesses at the December circuit. The defendant now moves to set aside the taxation and settlement of the costs, and for a reference to the clerk for a re-settlement, and also to be allowed his costs for attending prepared for trial in December, and for preparing for trial for the January circuit.

A. BENNETT, *counsel for the defendant.*

H. T. UTLEY, *counsel for plaintiff.*

ALLEN, Justice.—The plaintiff objects:

*First.* That the motion should have been noticed for the first day of the term. (Rule 56.) The excuse of the defendant's attorney for not having done so appears upon the moving papers, and I think is sufficient. The motion was noticed in proper time for a special term in Broome county, and was not made on account of the final adjournment of the court unexpectedly, and at an earlier day than was anticipated, and the motion was then noticed for as early a day in this term as was practicable.

*Secondly.* It is insisted that the court has no authority to review the acts of the clerk, and correct his errors in the settlement of the costs; that the duty of adjusting and settling the amount of the costs is devolved upon the clerk by § 311 of the Code of Procedure, (original code § 266,) and that his acts are final. This objection is not tenable. The code does not assume to provide for a regular and orderly *taxation* of the costs as was practiced under the former system. It was supposed that that part of the code regulating the costs to be allowed to the prevailing party would execute itself, and that the insertion of the amount as fixed by the law would be but little more than a clerical act.

It is true, nevertheless, that the clerk necessarily adjudicates and passes upon the several items of the costs and disbursements; but it by no means follows that such an adjudication is final, because no review is expressly given by the act.

It is the duty, as it is doubtless one of the necessary and incidental powers of the court, to see to the proper and legal discharge by its inferior officers of their duties. The clerk, as one of the officers of the court, is in all things, and in none more so than in the formal entry of the judgment which is pronounced by the court, under the direction of the court. The court has, as one of its incidental powers, the same right to control his actions and compel him properly to perform his duties, that it has to regulate its practice, govern and control the attorneys, and finally to adjudicate upon and settle the rights of the suitors. This power cannot be taken from the court, except by express legislation.

The defendant is not at this time entitled to have an order upon the plaintiff for the payment of his costs of the December and January circuits. If the plaintiff, upon a reasonable application, would have been liable to pay them, and I have but little doubt of his liability to pay the costs of the December circuit, (18 Wend. Rep. 519,) the motion should have been made the first opportunity after the adjournment of the

circuit. (5 W. R. 82; *Innes* v. *Van Epps*, 1 How. Pr. Rep. 105; 2 W. R. 288; 7 W. R. 519.) The defendant·must be held to have waived his right to the costs of the circuits at which the cause was not tried. But the plaintiff was clearly not entitled to the fees for the attendance of his witnesses at those circuits. He had called the defendant there upon his notice, and had it in his power to try the cause, and if for any reason he did not choose to do so, the defendant cannot be charged with the costs of the circuit. (*Titus* v. *Bullen*, 6 W. R. 562; *Leaven* v. *Lush*, 3 W. R. 305; *Slocum* v. *Lansing*, 3 Denio, 259; *Willard* v. *Harbeck*, id. 260; *Purdy* v. *Morgan*, 2 How. Pr. Rep. 149.) The fee of serving the complaint was not taxable unless it was served by the sheriff, and then it was taxable as sheriff's fees.

The next question is as to the sufficiency of the notice of the time and place at which the amount of costs would be settled by the clerk. If the notice were technically sufficient, still I think the practice adopted in this case was overreaching and oppressive, and should not be upheld. (*Smith* v. *Brown*, 2 W. R. 245.) It was doubtless adopted to prevent any objections to the illegal items included in the costs. But I think the notice insufficient. By the practice of the late Court of Chancery, a service of a summons requiring a two days' service on Saturday, for Monday was not a good service. (1 Hoff. Ch'y. Pr. 518.) By the rules of that court, the day of the hearing (Monday) would have been excluded in the computation, and by that method, Sunday being the last day of the running of the notice, should be excluded; (*Vanderberg* v. *Van Rensselaer*, 6 Paige, 147.) Rule 63 of this court adopts a different rule, and excludes the day of service, and this rule is not inconsistent with the Code of Procedure, (§ 407,) and still governs the practice of the court (§ 469) in cases to which it is applicable. I do not think it is applicable to a case like the present. The time for the service of the costs and notice is fixed by statute, and the law makers designed that the party should have notice of two full days, and that he should have two *business* days in which to prepare his objections to the costs, and be enabled to attend and make them. If Sunday is to be included and counted as one of those days, he has in effect but one day's notice, or perhaps, as in this case, if notice is served on Saturday night, after an attorney has left his office, for an early hour on Monday morning, he has no notice at all. There was in this case no available notice of the time and place of the settlement of the amount of the costs. In the computation of the time fixed by statute for the performance of an act or within which an act is to be or may be done: if the time so fixed is less than a week, Sunday should not ordina-

rily be estimated as a part of the time if it should happen to intervene. The intention will be held to be that the full number of *business* days mentioned by the statute, should be allowed to the party, unless a different intention is apparent from the act itself. A different rule holds when one or more Sundays must necessarily come within the time fixed by the statute. (2 Hill, 375; *Thayer* v. *Felt*, 4 Pick. 354.) The proceedings of the plaintiff were, therefore, irregular, as well as oppressive, and must be set aside. Costs of the motion would be granted, had not the defendant asked more in his notice than he is entitled to, and for this reason costs are not granted. (*Bates* v. *Loomis*, 5 W. R. 78.)

This part of the motion is granted, unless plaintiff's attorney stipulates to deduct $24.32 from the amount of the costs included in the judgment, and if such deduction is made, then the motion is denied without costs to either party.