# SUPREME COURT.

## CHARLES GOODYEAR, President, &c., agt. ISAAC W. BAIRD and others.

Where notice of taxation of a bill of costs served upon an attorney residing at a distance, is so short, (four days,) that the attorney serving the notice has reason to believe that the former will be unable to attend upon the taxation, he should not be held to be concluded by his failure to appear, although the notice be technically regular. The taxation should be reviewed in the same manner as if the attorney had in fact appeared and made all proper objections.

It was not the intention of the legislature, in providing in the Code for an *extra allowance*, that the courts should add *ten per cent.*, indiscriminately, to every judgment taken by inquest. It is not enough that an answer has been put in, which obliges the plaintiff to prove his case. That provision looks to the *mode of conducting* the defence, rather than the defence itself. There is nothing *necessarily unreasonable* or *unfair* in the mere denial of the plaintiff's allegations.

Where the action is upon a promissory note, and an answer is put in by an endorser, who does not appear at the circuit, he waives a trial by jury; there is therefore no necessity for a jury; and the jurors' fees ($3) (when they assess the damages) ought not to be allowed in the plaintiff's costs.

*Albany Special Term, March,* 1855.

MOTION for retaxation of costs, &c.

The action was brought upon a promissory note for $300, made by the defendant Baird. The other defendants were accommodation endorsers. The complaint not being verified, the defendant Frazier put in an answer, in which he denied each and every allegation in the complaint. The summons and complaint were served on Frazier on the 3d of March, 1854, and the answer was put in within twenty days. The other defendants made no defence. The issue was noticed for trial at the Schoharie circuit; and, on the 16th of May, an inquest was taken against Frazier, no affidavit of merits having been filed or served.

Application was made for an extra allowance of costs; and it is stated in the affidavit of the plaintiff's attorney, that the judge presiding at the circuit directed that ten per cent. upon

Goodyear agt. Baird and others.

the amount of the recovery should be allowed. The amount of the recovery was $307.34. The entry in the minutes of the clerk upon the application for an extra allowance is as follows: "Court directs the plaintiff to take the extra allowance for costs allowed by statute." On the same day, the plaintiff's attorney mailed at Schoharie a notice to the defendant's attorney, who resides in the county of Sullivan, that the costs would be adjusted on the 20th of May, by the clerk of Schoharie. The notice was too short to enable the defendant's attorney to appear upon the taxation. The costs were taxed at $74.21, which included $30.73 for extra allowance, and $34 allowed by the statute: also $3 for jury fees.

The defendant, Frazier, moved for a re-taxation.

R. C. Martin, *for plaintiff.*

Thomas Smith, *for defendants.*

Harris, Justice. The notice of taxation was *technically* regular. Yet, where, as in this case, the notice served upon an attorney residing at a distance is so short, that the attorney serving the notice has reason to believe that he will be unable to attend upon the taxation, he should not be held to be concluded by his failure to appear. The taxation should be reviewed in the same manner as if the attorney had, in fact, appeared and made all proper objections.

The principal objection made by the defendant to the costs as taxed, relates to the item for extra allowance. The entry of the clerk leaves it uncertain what amount was allowed. It might be inferred, perhaps, from the language of the entry itself, that the court had directed that the allowance should be to the full extent authorized by statute. That such was, in fact, the direction, is made clear by the affidavit of the plaintiff's attorney, who swears that the judge, at the circuit, directed an extra allowance of ten per cent. upon the amount of the recovery, and added, that such was his practice in all cases where the defendant allowed judgment to go against him by default.

Goodyear agt. Baird and others.

Were I at liberty to decide upon the propriety of the allow-
ance, I could not hesitate to pronounce against it. I cannot
suppose that the legislature ever intended that the courts should
add ten per cent. indiscriminately to every judgment taken by
inquest. It is not enough that an answer has been put in,
which obliges the plaintiff to prove his case. The provision
of the statute looks to the *mode of conducting* the defence,
rather than the *defence itself.* There is nothing *necessarily un-
reasonable* or *unfair* in the mere denial of the plaintiff's allega-
tions. The allowance which the court is authorized to make,
is by way of compensation for the trouble and expense to which
the plaintiff may have been subjected by reason of the *unrea-
sonable* or *unfair* manner in which the defence may have been
*conducted.* The idea of punishing the defendant for having
denied what the plaintiff has been able to prove to be the truth,
is not found in the provisions of the statute.

In an action like this, $22 are added to the taxable costs, as
the consequence of interposing the answer denying the allega-
tions of the complaint. Ordinarily, this sum is quite an ade-
quate compensation for the trouble and expense of taking an
inquest. It evidently was so in this case. To add to this an
extra allowance of $30, and that, too, against a mere surety,
would seem to be a perversion of the intent of the legislature
in providing that an extra allowance may, in the discretion of
the court, be awarded to a plaintiff, where a defence has been
*conducted unreasonably* or *unfairly.* But in this case such an
allowance was made, and though the entry by the clerk was
informal, I am inclined to think it was sufficient to indicate the
intention of the court. This being so, I have no power to re-
verse the order upon this motion. This, if indeed it could be
done at all, could only have been done upon appeal from the
order making the allowance.

The plaintiff has, perhaps, through inadvertence, taxed $5
too much for the fees allowed by statute. The taxable items
amount to $29, instead of $34. I observe, too, among the
items of disbursement, a charge of $3 for jury fees upon
the inquest. The defendant, by failing to appear, waived a

trial by jury. In actions sounding in damages, the judge who presides sometimes prefers that they should be assessed by a jury, even when the defendant does not appear. But in a case like this there certainly was no necessity for a jury. The practice ought not to be encouraged. I shall, therefore, direct that this item be disallowed to the plaintiff. I do it the more willingly, because the costs, including the extra allowance, are, under the circumstances, oppressively large.

An order must be entered directing that eight dollars be deducted from the costs as taxed: neither party to have costs upon this motion.