Toll, assignee, &c. agt. Thomas.

*New - York Special Term, April*, 1857.
DEMURRER to complaint.

J. NEILSON, *for plaintiffs.*
S. SANXAY, *for defendants.*

———————◄•••►———————

## SUPREME COURT.

ABRAM W. TOLL, assignee of the The Mohawk Valley Farmers' Ins. Co. agt. JAMES THOMAS.

FIVE OTHER CAUSES—SAME PLAINTIFF agt. DIFFERENT DEFENDANTS.

Where a cause is referred at the circuit by stipulation, the *costs of the circuit* to abide the event of the action, the successful party will be entitled to such costs, if it does not appear that such stipulation was exhibited to the taxing officer; and especially where the objection to their allowance was not raised *specifically* on the adjustment.

*Certified copy order of reference,* is properly taxable.   It is evidence for the referee, and his authority to act in case of objection.

Toll, assignee, &c. agt. Thomas.

The *referee's fees* are properly taxable where they are sworn to have been paid, by the general affidavit of disbursements.

A general indefinite objection to the sufficiency of an affidavit of attendance of witnesses, on the adjustment of costs, is not sufficient. The objection must be specific, and point out particularly wherein the affidavit is insufficient. Consequently, where such a general indefinite objection was made to such an affidavit, which failed to state that the witnesses attended under the advice of counsel as to their materiality; *held*, that the objection was insufficient.

The items for *docketing and transcript* of judgment are taxable when it is shown there is probable necessity for it, such as that some of the defendants reside in different counties.

Where in several actions, the plaintiff has regularly obtained judgment at the circuit or special term, the court have no power, on motion of the defendant, to grant an order to stay proceedings in all the actions but one, until the decision of the general term in that one, or to abide the event thereof.

After a regular *appeal* to the general term, the court, on a proper application, where it is made to appear that a decision in one cause will dispose of all the questions in the others, grant an order to hear an argument in one, and that the others abide the result of that one; or the court may refuse to hear but one argument.

### *Schenectady Circuit and Special Term, Oct.* 1857.

MOTION for re-adjustment of costs.

The bills in all the cases were adjusted together, and consisted principally of several items. The counsel for defendants objected to the allowance of the items for calendar or term fees, in each case, upon the ground that it did not appear that said causes were, either of them, necessarily on the calendar of the term for which they are severally charged, and not reached or postponed. And also to the allowance in each case of the items for certified copy orders, on the ground that they were not a proper or allowable item of disbursements. The counsel further objected to the allowance of referee's fees, as being too large, and not shown to have been incurred; and also to the allowance of transcript and docketing, on the ground that it was not shown to have been necessary; and to the several items of witnesses' fees, upon the ground that the affidavit of attendance was insufficient.

The issues in all the actions but one, were joined on or previous to the 8th of August, 1855, and in that one (against Barnard) July 14, 1857.

Toll, assignee, &c. agt. Thomas.

All the causes except the one against Barnard, were noticed for trial by the plaintiff, and placed on the calendar for the Schenectady circuit in November, 1855. The case against Mitchell was noticed for the same circuit by defendant's attorney. The attorney for the plaintiff swears that all and each of the five causes were referred at said circuit by stipulation to Thomas W. Mitchell, Esq., and that in all of them the costs of the circuit were to abide the event of the suit, as appears by stipulation, copies of which are annexed to his affidavit. It does not appear that these stipulations were shown to the clerk, at the time of the adjustment; neither does it appear what the objection was, specifically to the item, nor to the want of proof of *referee's* fees. The attorney swore, in his affidavit presented to the clerk, that the referee's fees, among other items of *disbursements*, had been incurred; and the affidavit of the attendance of witnesses in each case, and of the travel, was full except that it did not state that the attendance was under the advice of counsel, after stating to him the facts expected to be proved by each witness. The counsel for defendants also objected to the allowance of the item of transcript and docketing, on the ground that it was not shown to have been necessary; and also to the items for certified copy orders, on the ground, that they were not a proper and allowable item of disbursements. The clerk adjusted the costs as made out, and defendant appeals and moves to set aside the judgments, for re-adjustment.

A. HOUGH, *for defendants.*
WILLETT & HAWLEY, *for plaintiff.*

C. L. ALLEN, Justice. That part of the motion which moves to set aside the judgments, cannot be granted. If the costs have been improperly adjusted, the court will order a re-adjustment and direct the amount, if less than at the first adjustment, to be deducted from the judgment, or from the execution, if any have been issued, allowing the judgments to stand.

Toll, assignee, &c. agt. Thomas.

In the present case, the objection to the allowance for calendar or term fee, does not seem to have been well taken. One of the attorneys for plaintiff, swears that the actions were all referred by consent of parties, and that the costs of that circuit were to abide the event of the action in each case, and copies of the stipulations are annexed to the affidavit. Whether these stipulations were exhibited to the clerk or not, does not appear. It would rather seem not; but the affidavit of the defendant's counsel does not state that this objection was taken specifically. If it had been, the stipulation would probably have been exhibited.

The items for certified copy orders of reference, were properly allowed. They were evidence for the referee, and his authority to act in case of objection. It is both *common and proper* to procure them. The referee's fees were sworn to have been paid in the general affidavit of disbursements. Besides, the receipt of the referee in each case, is now produced, showing the actual payment to and receipt by him of the amount charged.

In relation to the witnesses' fees, the affidavit seems to be full, except that it does not depose that the witnesses each attended in pursuance of the advice of counsel.

It has been decided in many cases, that the affidavit must state the respective names and places of abode of the witnesses, the distance they respectively travelled, and that each of them was or was believed to be, a material and necessary witness, for the party on whose behalf he was subpœnaed. Their materiality need not be shown in the first instance, until the opposite party shall have raised a suspicion that they were subpœnaed or otherwise called for the purpose of swelling the bill. The presumption is good faith till contrary is shown. If the adverse party shows that a number of witnesses were not called on the trial, the party calling for the expense of their attendance, must explain why they were not called, or the expense of their attendance should be disallowed. The clerk then, is not longer at liberty to follow the ordinary affidavit. (5 *Hill*, 595 · 3 *id*. 457; 6 *id*. 376; 19 *Wend*. 82; 6 *How*.

410.) In this last case, the affidavit stated that the witnesses attended under the advice of counsel, and I believe that such is the usual affidavit. Here, however, the defendants did not specifically object that the affidavit failed to state such fact, or it might have been, and probably would have been supplied. Indeed, no other objection seems to have been taken, than the general indefinite one, that the affidavit was insufficient, without specifying wherein. The last item objected to, is the item for transcript and docketing.

The affidavit of defendant's counsel, shows that the defendants in all the cases but the two first, reside in the county of Schoharie. There was probable necessity, therefore, for transcript and docketing in that county in the last four cases. In the two first, the plaintiff must deduct 25 cents *in each*. The motion must be denied, but as there was some probable cause for making it, it must be without costs.

Order accordingly.

A motion was also made at the same term, in these causes, and in two others in favor of the same plaintiff—one against Silas Brown, and the other against Martin A. Watson—for an order staying proceedings in all the actions but one, until the decision of the general term might be obtained in the first action, or to abide the event of said action.

C. L. ALLEN, Justice. I know of no power that the court possesses to grant this motion. The plaintiff has regularly obtained judgment, in each of the actions, which are against different individuals. It is said that the same questions are involved in each action. One of the attorneys for plaintiff, swears that the pleadings are materially different; that in some of the actions questions of fraud were raised by the answer of defendants, and that in others the answers were simply denial; that objections were taken on the trial on the pleadings to testimony offered in some which were not made in, nor were applicable to the others, and that the testimony on the part of plaintiff in some cases was different from that given in the others. This would seem to dispose of the ap-

Wilde agt. Joel and others.

plication. But be this as it may, the court cannot stay the plaintiff in the execution of his several judgments, unless the defendant avails himself of his right to do so, by appeal. After the causes are appealed at general term, the court may, on proper application, where it is made to appear that a decision in one cause will dispose of all the questions in the others, grant an order to hear an argument in one, and that the others abide the result of that one, or they may refuse to hear but one argument, as they sometimes refuse to try but one cause at the circuit where several are on the calendar involving the same points. It is said that the court may order a stipulation or undertaking, requiring the defendants in each case to abide the event of the decision in the first action, as asked for. But if the court have no power to grant an order staying the proceedings, they can require no undertaking which would be binding on the parties; such an undertaking would be utterly void, and in the meantime if defendants should become insolvent, the plaintiff would be entirely remediless, and his loss be thus occasioned by the unauthorized interference of the court.

The motion must be denied with $10 costs.

Order accordingly.