## New York Marine Court.

*General Term—January,* 1878.

## WILLIAM LOTTI, Plaintiff and Appellant, *against* DAVID KRAKAUER, Defendant and Respondent.

Costs, how taxed, and taxation, how reviewed upon appeal. The practice, stated. The phrase ''with costs to abide the event,'' when used in an order granting a new trial, explained and declared. What costs are recoverable thereunder. The authorities, reviewed.

*George Hill,* attorney for appellant.

*M. Goodhart,* attorney for respondent.

McAdam, J.—This is an appeal from an order of the special term disapproving of the clerk's taxation of costs and directing him to re-adjust the same in accordance with said order. The action, which is in trover for the conversion of a piano, was first tried February 27, 1877, and the jury rendered a verdict of $300 for the plaintiff. Defendant's counsel moved for a new trial, on the ground that the verdict was excessive, as well as against the evidence. The trial judge, after argument, ordered that a new trial be granted, unless the plaintiff stipulated to reduce the verdict to $200, in which case the motion for a new trial was to be denied. The plaintiff did so stipulate, and judgment was entered for $328.50 damages and costs. The defendant appealed from the judgment and order to the general term, which reversed the judgment and order, as follows : '' It is ordered that the said judgment and order be and the same are hereby reversed, and a new trial ordered, with costs to abide event.'' A second trial was had on the third and fourth days of Decem-

Lotti v. Krakauer.

ber, 1877, and resulted in a verdict for the plaintiff for
$150 damages.  On December 6, 1877, plaintiff's costs
were taxed by the clerk at $309.04, which embraced
the costs of the two trials and of the appeal.  The de-
fendant complained of the taxation by the clerk, upon·
the ground that the costs of one trial only should have
been allowed, and this without the costs of appeal.
No formal objection to any specific item was made
before the clerk, so far as the appeal papers disclose.
The justice at special term "ordered that the bill of
costs heretofore taxed in this action on December 6,
1877, be retaxed and re-adjusted by the clerk, and that
all items contained in said bill of costs so taxed relat-
ing to the costs of the former trial herein after the
notice of trial, and of the appeal herein, be not al-
lowed."  Plaintiff contends: First, that defendant's
practice in procuring the order for retaxation was
irregular : and second, that the order as made is un-
authorized.  Both of these objections seem to be well
taken.  The clerk by law (*L*. 1875, ch. 479, § 50), neces-
sarily adjudicates and passes upon the several items of
the costs and disbursements (Whipple *v.* Williams, 4
*How. Pr.* 28), and the taxation of costs other than
those in an interlocutory proceeding, by a judge at
chambers, is a nullity (Nellis *v.* De Forest, 6 *How. Pr.*
413 ; Van Shaick *v.* Winne, 8 *Id.* 5 ; Hanna *v.* Dexter,
15 *Abb. Pr.* 135).  Parties having objections to make
must appear before the clerk at the time fixed for the
taxation (Hinckley *v.* Boardman, 3 *Caines,* 134).  Ob-
jections must be specifically made, as an objection to
the whole bill as illegal is not available on a motion to
review the taxation (People *v.* Lewis, 28 *How. Pr.* 159 ;
Webb *v.* Crosby, 11 *Paige,* 193.  And see 15 *How. Pr.*
315 ; 1 *Cow.* 591).  Affidavits may be used before the
clerk in support of or against any of the items of the
bill.  The affidavits used should be marked, and the
objections properly noted by the clerk, so that his

adjudication may be reviewed in case of appeal from his taxation. The practice upon obtaining this review is by motion to the court at special term (3 *Code R.* 28), in the nature of an appeal from the clerk's taxation (Whipple *v.* Williams, 4 *How. Pr.* 28 ; Beattie *v.* Qua, 15 *Barb.* 132 ; Rogers *v.* Rogers, 2 *Paige*, 460). The court, at special term, acts in such matters as an appellate tribunal, and the proceedings had before the clerk are brought before it for review. The affidavit in support of the appeal should show that the allowance of such items as are objected to was opposed before the clerk, and that they were allowed under objection (People *v.* Oakes, 1 *How. Pr.* 195 ; Constantine *v.* Van Winkle, 2 *Id.* 273 ; Cuyler *v.* Coats, 10 *Id.* 142 ; Wines *v.* Mayor, &c., *Daily Register*, Dec. 27, 1877), and upon the hearing, only the affidavits in support of the items objected to can as a rule be considered on the part of the respondent (Logan *v.* Thomas, 11 *How. Pr.* 160). In other words, the appeal is only intended to review the errors actually committed by the clerk, on the proofs before him, at the time of the taxation (Lyon *v.* Wilkes, 1 *Cow.* 591), and he cannot be put in error by proofs furnished to the court afterward. Affidavits showing what occurred before the clerk may be used (People *v.* Oakes, 1 *How. Pr.* 195) in aid of the appeal, copies of which should be served with the notice (Webb *v.* Crosby, 11 *Paige*, 193). As before remarked, no formal or specific objection was made before the clerk in the present case, and the defendant was in no position therefore to have the clerk's adjudication reviewed, and the court, under the circumstances, had no power to review it. If the taxation had been by default properly excused afterward before the court the defendant might have been relieved from it by an order opening the default, and sending the matter back to the clerk *de novo.* This, although not in strict accordance with Goodyear *v.* Baird (11 *How. Pr.* 377), is the

correct practice (see Murdoch v. Adams, 10 Hun, 568). There was no default in this case ; both parties were represented before the clerk, and the defendant has failed to bring himself within any of the settled modes of practice which required or permitted the court to interfere with or to modify or reverse the clerk's taxation. Parties have a right to expect that the settled rules of practice will be applied to such matters, and if courts do not enforce these regulations, the taxing power will be gradually transferred by arrogation from the clerk, where the legislature has placed it, to the court, where it does not reside by law. The power of the court being limited to a review upon appeal in the manner before indicated, the practice laid down should be strictly followed. Another and more substantial reason why the order should be reversed is that the clerk's taxation was right and ought not to have been interfered with. The special term judge certainly gives very logical reasons why the law should be as he states it, but the legislature have made it otherwise, and there is no discretion about it. In common law actions like the present, the prevailing party is, as a rule, entitled as of right to his taxable costs, and it is only where the costs are made discretionary, as upon appeals, that he can be deprived of them. The statute allows "for every trial of an issue of fact, thirty dollars" (L. 1875, ch. 479, § 44, subd. 3, similar to Code, § 307, subd. 4). There were two trials in this action, and the plaintiff, having succeeded in both, was entitled to a trial fee for each (Hamilton v. Butler, 4 Robt. 654 ; S. C. 30, How. Pr. 36 ; Spring v. Day, 44 Id. 390). These items the plaintiff became entitled to as matter of right (Downing v. Marshall, 37 N. Y. 380), and having succeeded upon the second trial, the plaintiff became entitled to the costs of the appeal from the first judgment. The costs of that appeal were in the discretion of the general term before which it was heard, it being provided

by section 306 of the code (which is similar to § 46 of the act of 1875, c. 479, especially applicable to this court).

" Costs of an appeal shall be in the discretion of the court:

"1. When a new trial shall be ordered.

"2. When a judgment shall be affirmed in part and reversed in part."

These provisions of the statute have received judicial construction by the general term of the supreme court in this department, in the case of the Commissioners of Pilots *v.* Spofford, 3 *Hun*, 55, wherein Chief Justice DAVIS (after reciting the provisions of section 306, *supra*) says: " No costs are allowed to any party in either of these cases, without the express adjudication of the court. Silence is a denial of them, and the addition of the words, 'without costs to either party,' adds nothing to the legal effect of an omission to award them, but is the customary form of advising the parties that the subject has been considered by the court, which declines to exercise its discretion in favor of either party." In Howell *v.* Van Siclen, 8 *Hun*, 524, upon appeal from a judgment recovered by the plaintiff, a new trial was granted, with costs to the defendant to abide the event. Plaintiff having recovered a judgment upon a new trial, held, per BRADY, J. (DAVIS and DANIELS concurring), that the plaintiff was entitled to the costs of both trials, and only deprived of the costs of the appeal by the direction awarding them to the defendant. In Koon *v.* Thurman, 2 *Hill*, 357, the plaintiff, who was nonsuited, made a motion for a new trial, which was granted, the costs to abide the event. On the second trial the defendants obtained a verdict, and the supreme court, upon appeal from the taxing officer, held that the direction as to costs meant the costs of the motion for a new trial, as well as the costs of the trial itself, and both were allowed to the defendants.

Lotti v. Krakauer.

There is no difference in principle between that case and this.

In Snyder v. Collins (5 *Weekly Dig.* 391), the supreme court, general term, in the second department, held, that "Where, on appeal to the general term, a new trial is ordered, costs to abide event, the event upon which the costs of appeal depend is an event which shall entitle the successful party to costs by law." Such an event has occurred here. It is only where costs are discretionary that the addition of the words in an order "with costs" or "without costs" at all affect the right of the prevailing party to them (see 3 *Hun*, 54; 49 *N. Y.* 660; 58 *Id.* 103, 105; 7 *Bosw.* 1, 14). In the present case the general term adjudicated upon the question of costs. The reversal by the general term was "with costs to abide the event of the action." It is true the order did not provide whether the costs were to go to the appellant or to the respondent, but the proper rule of construction is that when the order is silent in this respect, the costs, by necessary implication, go to the party who finally succeeds, because he is the prevailing party within the meaning of the various provisions in regard to costs. The plaintiff, having succeeded upon the second trial, became entitled to tax all the statutory costs allowed by law to a prevailing party under like circumstances, and there was no longer any discretion in the court as to the amount of the items specified. The statute fixes the rate which is unalterable by the court (Downing v. Marshall, 37 *N. Y.* 380). The general term exercised the discretion vested in it, when it awarded costs of the reversal "to abide the event of the action." The event has transpired, the plaintiff has prevailed, and a plain duty devolved upon the clerk to tax the items of the plaintiff's costs as allowed by statute, according to the prescribed rate. The clerk did this and nothing more, and the order of the special term reversing or modify-

ing the clerk's taxation must therefore be reversed, and the clerk's taxation affirmed, with $10 costs, and the expense of printing.

SINNOTT, J., concurred.