WILLIAM N. CRANE

*v.*

CHARLES P. GURNEE.

[Submitted October 27th, 1908. Decided November 4th, 1908.]

1. Attorneys and solicitors are officers of the court, and the court may deal summarily with breaches of duty and privilege on their part; but, the relation between a party and the opposite party's solicitors not being that of solicitor and client, a controversy between them would not justify the exercise of the summary jurisdiction.

2. It is established practice in settling pending suits for parties to agree upon the taxable costs without a taxation by the clerk, and the court should always support the settlements, unless they are affirmatively shown to be unjust, oppressive, or illegal, or to have been induced by unfairness.

3. One entitled to a taxation of costs may waive his right.

4. Where complainant's solicitors furnished the amount of their charges to defendant's solicitor, upon negotiations to settle the suit, and offered to have their costs taxed by the clerk, and defendant's solicitor did not accept the offer, but agreed that the amount should be paid by his client, the failure to accept the offer was a waiver of the right to have the costs taxed.

On petition to fix solicitors' fees and charges.

*Mr. William J. St. Lawrence,* for the petition.

*Mr. Edward J. Luce,* contra.

HOWELL, V. C. ·

The bill in this case was filed to foreclose a mortgage covering lands of the petitioner. The respondents are the complainant's solicitors. When the suit had reached the stage of an order for substituted service of process on non-resident defendants, the petitioner made a sale of the mortgaged premises and sought to have the foreclosure suit ended. He directed his own solicitor to ascertain the amount of the fees and charges of the complainant's solicitors. These were reported to him by the complainant's solicitors to be the sum of $114.22. This included the total charge for taxable costs, fees for searches, and the counsel fees and expenses of the complainant. Petitioner's counsel agreed that this amount should be paid by his client. He expressly waived his right to have the costs taxed. The arrears of interest on the mortgage were $167.98. Some days after the consummation of the sale of the land the purchaser paid to the complainant's solicitors out of the purchase-money these two sums aggregating $282.20. After the payment had been made the petitioner conceived that the complainant's solicitors' charges were excessive and he sought to have some portion of the amount repaid to him by them. The solicitors declined to accede to his request, and this petition was then filed, appealing to the summary jurisdiction of the court over its solicitors and praying that the excessive charges might be awarded to him. The motion was heard on petition and answering affidavits.

It will be observed that this is not a contest between the petitioner and his lawyer. The relation between the petitioner and the complainant's solicitors was not that of solicitor and client, and the summary proceeding which the court may exercise over its solicitors cannot apply to this controversy. The reason is obvious. Attorneys and solicitors are officers of the court; they are part and parcel of the equipment of the judicial system for the administration of justice. They have been specially admitted to their offices as persons qualified to transact the business of the public in the courts. They hold themselves out for engagements by clients, and the courts recognize their special privileges. The relations between them and their clients are those of trust and confidence, so much so that communications between solicitor and client are protected from disclosure and publicity and the strictest fidelity to their retainers must be observed. It is owing to this private and confidential relationship that the courts have undertaken to deal summarily with breaches of duty and privilege by solicitors. If the relationship were less close or lacked the element of confidence and trust in an officer of the court, the court would undoubtedly remit all cases between solicitor and client to the ordinary remedies by action at law. *Lynde* v. *Lynde,* 64 *N. J. Eq.* (*19 Dick.*) *736.* Mr. Justice Dixon says, in *Strong* v. *Mundy,* 52 *N. J. Eq.* (*7 Dick.*) *834:* "Attorneys and solicitors are officers of the court, and there is no doubt of the authority of the court to proceed summarily against them for their misconduct, but the behavior which will justify the exercise of this summary jurisdiction must be such as is dishonest or oppressive or clearly illegal. If it appears that there exists between a lawyer and his client a fair dispute, which can be decided only on the settlement of doubtful questions of fact or law, the court should not exercise its summary power, but should leave the parties to their ordinary remedies." See *Tate* v. *Field,* 60 *N. J. Eq.* (*15 Dick.*) *42; In re Knapp,* 85 *N. Y.* 284; *In re Paschal,* 10 *Wall.* 483; *In re Dakin,* 4 *Hill* 42; *In re Kennedy,* 120 *Pa. St.* 497; *S. C.,* 14 *Atl. Rep.* 397; *Koenig* v. *Harned,* 13 *Atl. Rep.* 236. It is, therefore, quite evident that the summary proceeding which has been adopted in this case does not apply, but inasmuch as the

respondents have not urged this defence, I will disregard it and will ·discuss the case on its merits.

It is inveterate practice in this state in the settlement of pending suits for parties to estimate and agree upon the amount of taxable costs without the trouble and expense, small though it be, of having a regular taxation by the clerk; and hardly a solicitor can be found who has not had such experiences. It is not only sanctioned by inveterate usage, but it is favored by the courts in order that parties may speedily settle their controversies out of court and without all the formalities that might be lawfully insisted upon.

The court should always support these settlements unless they are affirmatively shown to be unjust, oppressive or illegal, or that the settlement was induced by pressure or other unfair means. The following authorities—controversies between solicitor and client—support this position. *In re Whitcombe, 8 Beav. 140,* Lord Langdale, master of rolls, sustained the principle that an agreement by a solicitor to take a gross sum from his client in lieu of costs was not void, but that on account of the peculiar relation which exists between solicitor and client the court would regard all such adjustments with jealousy. In *Stedman* v. *Collett, 17 Beav. 608,* Sir John Romilly, Master of Rolls, sustained a settlement of a solicitor's bill by the client for an estimated fixed sum and refused to disturb it, for the reason that it had been entered into fairly and with proper knowledge on both sides.

In *Morgan* v. *Higgins, 1 Giff. 270,* Sir John Stuart, vice-chancellor, set aside a mortgage which had been given by a client to his solicitor to secure—*first,* a gross sum agreed to be paid for professional services, and *second,* an amount claimed to be due on the settlement of accounts, for the reason that the evidence showed that the client from his situation as to ill health was unable to take an active part in managing his own affairs, and there was no evidence on the part of the solicitor of any proper statement or examination of the accounts. There the mortgage was held to stand as security only for what should be found to be justly due on a taxation of the bills of costs and on account of all the dealings and transactions between them. The

fact that these cases are instances of controversies between solicitor and client make strongly in favor of the rule as between strangers or adversaries.

These cases were decided since the English statutes relating to solicitors' compensation, but an examination of them will show that the points decided were not controlled by the statute. The relation between the solicitors of the complainant and the petitioner is not that relation of trust and confidence which necessarily exists so obviously between solicitor and client. Here the parties dealt with each other at arm's length. The complainant's solicitors owed no special duty to the petitioner, nor is he entitled to look to them for advice or protection. Besides, I do not find that the charges made by the complainant's solicitors are excessive. They estimated their taxable costs at $89.22. On the argument they furnished me with a taxation made by themselves, which I have examined and which appears to be correct; it amounts to $86.80. The difference is too small to be the subject-matter of a litigation in this court. The other charges are charges for which the complainant's solicitors are not in any way responsible. They are charges for which the complainant himself is answerable, if anyone is. Again, there is no doubt but that one entitled to a taxation of costs may waive his right. *Hinckley* v. *Boardman, 3 Cai. 134.* It appears to be the testimony in this case that when the complainant's solicitors furnished the amount of their charges to the petitioner's solicitor they offered to have their costs taxed by the clerk. This offer was not accepted by the petitioner's solicitor, and his failure to so accept it was a waiver of his right to have the costs taxed.

I must therefore hold that the petitioner has no occasion to proceed against the respondents, and that the petition must be dismissed.