**526**

1836.

Hoffman
v.
Skinner.

HOFFMAN vs. SKINNER and others.

The adverse party is entitled to notice of taxation of costs, for the same
length of time before the day appointed for taxation, as is required for the
service of a master's summons by the 100th rule of the court; and a tax-
ation of the costs without such notice is irregular, and may be set aside.

Where the solicitors reside in the same city or town, two day's notice of the
taxation of costs must be given.

Costs not allowed upon setting aside a proceeding for a mere technical irreg-
ularity, and where the practice of court on the subject was unsettled.

January 19.    THIS was an application for the retaxation of a bill of costs,
which the defendants were directed to pay to the complain-
ant's solicitor.    The costs were taxed in the city of New-
York, where the solicitors for both parties resided, before the
vice chancellor of the first circuit, upon a notice of one day
only.    At the time of the service of the notice of taxation,
the defendants' solicitor objected to the notice as irregular,
and did not attend before the vice chancellor on the taxation,
in consequence of which the costs were taxed ex parte.

*H. M. Western,* for the complainant,

*W. Silliman,* for the defendants,

THE CHANCELLOR.    As the costs were taxed ex parte, and
without objection, I cannot, on this application, review the
decision of the taxing officer as to any of the items allowed.
The only question, therefore, which is proper for considera-
tion here, is as to the regularity of the notice of the taxation.
The counsel for the defendant supposes that the 89th rule is
applicable to this case ; and that a notice of four days should
have been given.    That rule, however, only applies to noti-
ces of hearing, or of special motions or petitions to be made
or presented to the court, and is not applicable to the case
now under consideration.    The proceedings as to the taxa-
tion of costs, in this court, do not correspond with the Eng-
lish practice ; as no warrant is taken out to attend the vice
chancellor or master on the taxation, and the original taxed

1836.

Hoffman
v.
Skinner.

bill is filed as a substitute for the report of the amount at which the costs are taxed. And the decision of the taxing officer is reviewed upon an application to the court, on motion, and upon a specification of the items as to which the decision is supposed to be erroneous, instead of a petition for leave to except, which is the correct mode of proceeding according to the English practice. (*Pitt* v. *Macreth*, 3 *Bro. C. C.* 321. *Fenton* v. *Cricket*, 3 *Mad. Rep.* 496.) The proceeding here for the taxation of costs is, however, so far in the nature of a reference to the taxing officer for that purpose, that the notice of taxation, which by the practice of this court is the substitute for the master's summons or warrant, must be served the same length of time before the taxation, as is required for the service of the summons upon an ordinary reference. Under the former rules of this court, the master, upon a reference, was to assign a day for the hearing of the parties, not less than four days thereafter; and I believe the uniform practice, in accordance with that rule, was, previous to 1830, to give four days notice to the adverse party to attend before the master upon the taxation of costs. What the practice has been since that time, I am not informed; but now it should unquestionably be in conformity to the time, as limited by the present 100th rule. So that if the solicitor of the party, against whom the costs are to be taxed, resides in the same city or town where the taxation is to take place, he must have at least two days notice of the taxation, and not less than four if he resides elsewhere, within fifty miles; and not less than two days in addition for every fifty miles from his residence to the place of taxation.

The taxation in this case, upon a notice of one day only, was irregular, and must be set aside. And the bill of costs must be retaxed, upon a notice of at least two days. But as this was an unsettled question, and the irregularity complained of was merely technical, no costs are to be allowed to either party on this motion. (*See Kane* v. *Van Vranken and wife*, 5 *Paige's Rep.* 62; *and Seeber* v. *Hess, Idem*, 85.)