## BEATTIE *vs.* QUA.

If the proof is in other respects sufficient, a single witness is enough to prove the correctness of a book of account, so as to render it competent evidence.

The *credit* of the book may be greatly weakened, when it rests upon the testimony of a single witness, but it is *competent*, if the witness testifies to all the requisite preliminary facts.

Where a cause was tried before a justice and a jury, on the 11th of March, and the justice returned that when the jury had agreed upon their verdict, they returned into court, and delivered the same to the justice; whereupon the justice rendered a judgment in favor of the plaintiff, for the amount of the verdict, *on the 12th of March;* HELD that it might fairly be inferred that the judgment was given on receiving the verdict, and that though the trial was commenced on the 11th, it was to be presumed the verdict was not rendered until the 12th of March.

If the adjustment of costs by the clerk of a county court is erroneous, the remedy of the party aggrieved is by a motion in that court, in the nature of an appeal from the decision of the clerk; not by an appeal from the judgment of the court

APPEAL from a judgment of the Washington county court. The action was originally commenced by Beattie, against Qua, before a justice of the peace. The plaintiff complained against the defendant for work, labor and services, done and performed; also for work of the plaintiff, his servants and horses and team; and horses and wagons; also for goods, wares and merchandise, sold and delivered; for grain, butter and apples, in the years 1849 and 1850. The plaintiff also claimed to recover from the defendant, under a special agreement in writing, for the keeping of a horse, hogs and turkeys, &c. and claimed $100 damages. The defendant denied all the allegations in the complaint, and claimed a set-off against the plaintiff, to the amount

Beattie *v.* Qua.

of $90. On the trial before the justice, Andrew Craig was sworn as a witness for the plaintiff, and testified that he had dealt with the plaintiff, and settled with him; that the plaintiff kept honest books of account; that the witness knew his hand-writing, and that the book presented was the account book of the plaintiff; that the plaintiff kept no clerk. The admission of the book in evidence was objected to by the defendant, on the ground that a party is required to produce two witnesses who have dealt with, and settled accounts with him, to testify that he keeps fair and honest accounts, before he can introduce his books as evidence. The objection was overruled by the court, and the book was admitted, but was not read in evidence. The plaintiff was sworn as a witness for the defendant, and proved all the charges contained in it, against the defendant. The other items of the plaintiff's account were proved by witnesses. The return of the justice stated that the cause was tried on the 11th of March, 1850; that when the jury had agreed upon their verdict they returned into court and delivered the same to the justice, whereby they found for the plaintiff $25 damages; " whereupon I, the said justice, did render judgment against the said defendant for the said $25 damages and five dollars costs, rendered March 12, 1850." The county court affirmed the judgment of the justice, and the defendant appealed to this court.

*L. Fraser*, for the appellant.

*I. A. Perrin*, for the respondent.

*By the Court*, WILLARD, P. J. The objection made by the defendant, that the breach of the contract could not be shown until the time of the contract had expired, is a mere abstraction, without any practical application to the case. The keeping of the defendant's horses and cattle on the place by the plaintiff, was a fair charge against the defendant, unless by the contract the plaintiff was bound to keep them. But the contract imposed no such obligation.

The next objection was, that the plaintiff's book of account

was inadmissible, because its correctness was not proved by two witnesses. There is nothing in this objection, for two reasons. First. The book was not read in evidence to the jury; and the only charges upon it, as appears by the justice's return, were proved by the plaintiff, who was called and examined on that point, by the defendant himself. Second. If the proof is in other respects sufficient, a single witness is enough to prove the correctness of the book so as to render it *competent.* In general more witnesses are required, because it rarely happens that one witness, alone, knows all the facts which constitute the preliminary proof. The objection is here not that the witness did not prove enough, but that *one witness* alone is, under no circumstances, sufficient. This proposition, in the abstract, cannot be maintained. The *credit* of the book may be greatly weakened, when it rests upon the testimony of a single witness, but it is still *competent,* if the witness testifies to all the requisite preliminary facts. (*McAllister* v. *Reab,* 4 *Wend.* 483.) And see the learned note to *Price* v. *Torrington,* (1 *Smith's Lead. Cas. Am. ed.* 294, *et seq,*) where the American cases are collected and reviewed.

The testimony in the case fully supports the verdict. There is no ground to reverse the judgment as against evidence.

The appellant has raised another objection, not made in the court below, namely, that the cause was tried by jury on the 11th of March, and judgment was given on the 12th of March. By the revised statutes (2 *R. S.* 247, § 124) it is required of the justice, in all cases when a verdict shall be rendered, forthwith to render judgment, and enter the same in his docket. In *Sibley* v. *Howard,* (3 *Denio,* 72,) the justice entered the verdict in his minutes immediately on receiving it, but omitted to render judgment until eight full days thereafter. This was held to be error : and the court remarked that though when there is no jury, and the justice is himself to decide, he has four days after the case has been submitted, to render his judgment, yet when the trial is by jury he must *forthwith* render judgment. And Bronson, Ch. J., said he did not see how in such a case a judgment could be rendered after a single day had gone by. This

Beattie *v.* Qua.

objection may be answered by presuming that though the jury were empanneled, and the trial was commenced, on the 11th of March, the verdict was not rendered until the 12th. It is fairly to be inferred that the judgment was given on receiving the verdict. The return says, " whereupon I the said justice did render judgment, March 12, 1850, for the said twenty-five dollars," &c. If a day had intervened between the receiving of the verdict and the rendition of the judgment, that fact would have been prominently stated in the affidavit of the appellant, and the justice would have had his attention called to it, and been required by one party or the other to return how it was. But the affidavits of the parties are not made part of the record. An objection of this kind ought not to be left to mere conjecture. The presumption is in favor of the regularity of the proceedings. The party alleging the error should be able to lay his finger upon it, and show that the judgment was not rendered on the same day on which the verdict was received. In *Sibley* v. *Howard*, (*supra*,) the objection was apparent. Here it is not so.

The remaining objection is that interest on the judgment before the justice to the time of affirmance was taxed by the clerk, in the defendant's costs in the court below. If this objection be founded in fact, the remedy of the plaintiff was in that court, by a motion in the nature of an appeal from the decision of the clerk. All the county court did, or was required to do, was to affirm the judgment of the justice. (*Code*, § 366.) It passed no judgment on the subject of costs. They followed as an incident to the judgment by the 368th section. The 371st section prescribes what costs shall be allowed; and the 311th section makes it the duty of the clerk to insert in the entry of the judgment, on the application of the prevailing party, upon two days' notice to the other, the sum of the charges for costs and disbursements which are properly recoverable. If this adjustment of costs be erroneous, it can be corrected by the court on motion. It affords no ground for an appeal from the judgment of the court. Under the former practice an erroneous taxation of costs was never the foundation of a writ of error.

Again; the bill of costs in this case is not made part of the

record, and we cannot see how much, if any thing, has been allowed for interest. It does not appear that the attention of the county court was called to this point.

Judgment of county court affirmed.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand* and *Cady*, Justices.]