### MARY MORRILL, Administratrix, &c., v. NATHAN E. WHITEHEAD.

The mere fact that it was proved that a former trial has been had between the same parties, when the return does not show how such trial terminated, will not warrant the reversal of the judgment of a district court for a plaintiff, upon an issue there, on a plea of "former judgment."

Whether, where a cause has been tried upon the merits and submitted, such trial and submission will not bar a second action for the same cause, although no judgment is rendered by the justice within the four days prescribed by the statute? *Quere.* (See 11 Johns. R. 457.)

When the books of a party have been properly received in evidence, this court will not reverse the judgment of a justice, founded in his reliance thereon, although the defendant has given some evidence to prove their inaccuracy.

But upon the whole proofs, the justice should be satisfied of the correctness of the books.

To entitle a party to give his own books in evidence, he must, among other things, show that some of the goods or services claimed for were rendered or delivered.

And where the books of a physician were offered, as proof of his attendance as such physician upon the defendant's family from 1851 to 1853; *held,* that evidence by a witness, that he knew of such physician attending the defendant's family once in 1849, did not entitle the plaintiff to give the books in evidence.

THIS action was instituted by the administratrix of a physician, for professional services rendered by the decedent. The answer was in the nature of the general issue, with a plea of a former judgment between the same parties. The facts appear in the opinion. The case was prosecuted to this court,

upon an appeal by the defendant from the Sixth District Court.

*Henry V. Vultee,* for the defendant.

*George Stevenson,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—The defendant does not appear, by the return herein, to have proved any former judgment between the parties. The return states that the minutes of a former trial, between the same parties, were put in evidence by consent; but what appeared by those minutes is not stated. Unless some adjudication was had upon the merits, such trial was no bar to a second suit for the same cause. A mis-trial, or a discontinuance, would be no bar. So a nonsuit upon the plaintiff's evidence is no bar to a second action, (*Elwell* v. *McQueen,* 10 Wend. 519,) though entered in a justice's court. Nor, if a judgment were rendered in the plaintiff's favor in the first action, and that judgment was set aside on *certiorari,* or an appeal, without a final judgment disposing of the whole case, would such first judgment be a bar to a second suit. We are therefore unable to say, from any thing appearing by the return herein, that there was any error committed below in this respect. The arguments of counsel appear to assume that the former action was tried and submitted on the merits, and that the justice omitted to render any judgment whatever. If this be so, I apprehend that, according to the decision in *Hess* v. *Beekman,* 11 Johns. R. 457, the former action was a bar to the present, but it is not necessary for us to pass upon that question, since it does not sufficiently appear to have been raised by proper proofs.

The other question raised upon this appeal is, Whether the books of the plaintiff's intestate were properly received in evidence? The case of *Vosburg* v. *Thayer,* 12 J. R. 461, shows what preliminary proof is necessary before the books of a party can be received; and subsequent cases have adopted and applied the rule established in that case. (*McAl-*

*ister* v. *Reab,* 4 Wend. 484; *Linnell et al.* v. *Sutherland,* 11 Wend. 568; *Sickles* v. *Mather,* 20 Wend. 72; *Beattie* v. *Qua,* 15 Barb. 132: *Foster* v. *Coleman,* 1 E. D. Smith, 85.)

Some of the requisites prescribed in those cases were undoubtedly satisfied; as, for example, that the party whose books were offered kept no clerk; that the books produced were the account books of such party; and that such party kept fair and honest accounts, was testified by a witness who had dealt and settled with him.

In relation to this last point there was, in the progress of the trial, some conflict of evidence. But at the time the books were given in evidence, the offer of the books was supported by the uncontradicted evidence of an unimpeached witness, who had dealt and settled with the party, and who proved their correctness; and this was sufficient, so far as relates to this requisite, to warrant their reception. How far the credit to be given to the books was shaken by the testimony afterwards given by the defendant's witness, was a question proper for the determination of the justice. If the book was properly received, we could not, with propriety, interfere with his finding, upon the credibility of the witnesses, or the weight he ought to give to the books under the conflicting evidence, and yet I feel at liberty to say, that just caution regarding evidence created by the party in interest, in his own favor, would, in my opinion, require that where a book is supported only by the oath of one witness, who testifies that he has settled thereby and found it correct, and is impeached by the evidence of another witness, who testifies that he has settled thereby, or on settlement has examined the same for that purpose and found it incorrect, and that on such settlement the error was corrected; the book ought not to be deemed sufficient evidence to warrant a recovery, unless there is something disclosed which discredits the testimony of such impeaching witness.

But one other requisite, in addition to those above referred to, was necessary to render the books admissible under the cases above cited, viz., proof that some, or at least one of the

items of charge were in fact rendered ; when the account is
for goods sold, then that some of the articles were delivered,
and when services are claimed for in a course of regular em-
ployment, then that some of the services were rendered ; and
where services are claimed to have been rendered as a physi-
cian, the fact of attendance on the defendant or his family, as
such, can ordinarily be proved by third parties without diffi-
culty, and some attendance during the period claimed for,
ought, unquestionably, to be shown.    In this respect there is
no reason nor propriety in relaxing the rule.

The plaintiff in this case claimed for services alleged to
have been rendered, or rather appearing to have been ren-
dered, so far as the books furnished any evidence thereof, be-
ginning " in April, 1851, and continuing to 1853 ;" and the
only proof in relation to the rendering of any service to the
defendant was given by the plaintiff's witness, Bennett, who
testified thus : "I know that Dr. Morrill attended defend-
ant's family as a physician once, and that was in the year
1849." Here was a total failure to prove any item in the
account sued for.    This evidence did not even warrant a pre-
sumption that the services charged in the book were rendered.
Had a continuous dealing from 1849 down to 1851, or an
employment for that period as family physician been proved,
so as to create a presumption of general retainer, continued
through a course of years, though not in very terms cover-
ing the period claimed, there might be some plausibility in
holding, that it was *prima facie* proof of the items charged,
or some of them, unless the defendant showed a discharge
from such employment.    But proof of a single attendance,
two years previous to the entries in the book, was wholly in-
sufficient to satisfy the rule, and for this reason the book
ought not to have been received, and a reversal of the judg-
ment is inevitable.

My own opinion of the propriety of allowing entries of work,
labor and services, or of sales, whereof the value is sought to
be recovered, would confine the evidence taken from the
books to the fact, that the labor and services therein charged,

and the goods therein entered, were in truth delivered or rendered, without permitting the books to be used as evidence of their value; and such is the rule in some of the states. (See the cases collected in 2 Greenleaf's Ev. note 2 to § 118.) The value can be proved by third persons, and no necessity exists for admitting inferior evidence, and there seems to me no good reason why the party claiming should not be required to produce other and better evidence of value, which, presumptively, he can do. This species of evidence, created by the act of the party himself, in his own favor, it is uniformly agreed, should be received with caution. (See *Hauptman* v. *Catlin*, 1 E. D. Smith, 729.) And where, from the nature of the case, such proof can be had from third persons, testifying under oath, there is no necessity for allowing the books to be used to show the value of the services or goods in question. But I do not find, in the cases above cited, that the rule, as settled in this state, is subject to any such restriction.

For the reason above given, the judgment must be reversed.

*Judgment reversed.*