<hr />

S. C. ANDREWS, Plaintiff in Error, *vs.* WILLIAM CRESSY, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF THE COUNTY OF SCOTT.

The acts of a Clerk of the District Court in taxing costs under Sec. 9, page 371, Revised Statutes, of Minnesota, are not conclusive upon the parties, but may be reviewed and corrected by the Judge of such Court, by motion in the nature of an appeal from the decision of the Clerk; not by an appeal from the judgment of the Court.

Nor is the decision of the Judge of such Court final and conclusive on the question of costs, but it may be reviewed as an Error in the Supreme Court.

Whether an order by the Judge of the District Court adjudging the amount of costs a party may be entitled to, is an appealable order. *Query?*

An affidavit of verification to a bill of costs, in the following words, "that the foregoing items of costs and disbursements have been paid and incurred in this action by the Defendant," is insufficient to meet the requirements of the Statute. It devolves upon the party claiming disbursements, to show *prima facie* that they are "*necessary.*" It is insufficient to state that disbursements have been paid and incurred, without further stating that the same were "necessary" in the prosecution or defence of the action.

An affidavit proving the attendance of witnesses at Court, pending the trial of a cause, should show that they attended the number of days charged, for the purpose of giving their evidence upon the trial of that particular cause, as well as the particular date of such attendance.

A party claiming allowance for witnesses, fees and mileage, should state the *facts* showing their necessity. The fact that witnesses, fees and mileage "were paid and incurred," is insufficient.

Where a cause is set down for a day certain, several days intervening, a party may claim allowance of fees for the attendance of witnesses on intermediate days, if their place of residence is remote from the place of trial; but otherwise where witnesses are conveniently near: The allowance of fees in such cases, must be governed by the circumstances and facts set forth, showing the necessity of their attendance.

This is a question of costs. It appears from the judgment roll in the Court below, that the Defendant (Cressy,) was entitled to costs against the Plaintiff, and served his notice of taxation thereof upon Plaintiff's Attorneys, for the last day of April, 1858, and claims allowance of the following items, to wit:

| | |
|---|---:|
| Costs by Statute before notice of trial, - - - | $5,00 |
| Subsequent proceeding before trial, - - - | 7,00 |
| Trial Fee, - - - - - - - - - | 15,00 |
| Witness Fees—F. J. Becknell 6 days, 12 miles, - | 6,72 |
| Rebecca Becknell, 6 days, 12 miles, - | 6,72 |
| B. F. Spaulding, 6 days, 10 miles, - | 6,60 |
| Nathan Storer, 6 days, 1 mile, - - | 6,06 |
| David Hall, 4 days 30 miles, - - | 5,80 |
| Geo. Baxter, 4 days, 30 miles, - - | 5,80 |
| S. J. Spaulding, 4 days, 2 miles, - | 4,12 |
| Subpœnas for two witnesses, - - - - - | 25 |
| Expenses in procuring Transcript of Judgment, and authentication and copies of deeds and certificates of authentication, - - - - - - - | 18,78 |
| Clerks Fees, - - - - - - - - | 3,00 |
| | $90,85 |

To this bill of costs the Defendant's attorney appended his affidavit setting forth, that " the foregoing items of costs and disbursements have been made or incurred in this action by the Defendant."

The Plaintiff's attorneys objected to the taxation of several

items named in the bill, including the trial fees, witness fees, and the item of $18,75, for transcripts, &c.

Being unable to agree before the Clerk, the whole matter was submitted to the Hon. Chas. E. Flandrau, (then Judge of that District,) by stipulation, and the costs were finally taxed at $87,85. It appears from the roll, that after the Judge had allowed the witness fees, the Defendant filed an affidavit showing "that the witnesses actually attended at the April term of said Court, 1858, for the purpose of testifying for him in said action, and that they travelled the number of miles and attended said Court the number of days in said notice mentioned, and that the item of $18,75 was actually expended and paid out in procuring the transcripts and copies there referred to." It further appears, that the Judge below held that " a party is not bound to disperse his witnesses because the case is set down for a day certain : if they attended, their fees are taxable."

Judgment was rendered against the Plaintiff for the amount of costs allowed, and he reviews the same by Writ of Error.

The following are the points and authorities of counsel for Plaintiff in error :

*First.* The right of the successful party to costs in an action in this State, is given, regulated and governed exclusively by Statute. See *Chap.* 72, *Rev. Stat.*, and the Common Law rules in regard thereto, are superceded and abrogated by the Statute, for "where a statute withholds or denies a Common Law remedy, it ceases to exist." *Gooch vs. Stephenson,* 1 *Shepley,* 371 ; 3 *Denio,* 174 ; *Opinion of Court ; Supervisors of Onondaga vs. Biggs.*

*Second.* The amount of costs and disbursements that the prevailing party in the Courts of this State is entitled to, is fixed by Statute. See *Sec.* 7, 8, & 9, *Chap.* 72, *p.* 371, *Rev. Stat.* No disbursements are allowed unless necessary and legal. The Statute specifies what disbursements shall be allowed, viz: the fees of officers allowed by law, the fees of witnesses, *the necessary expenses of commissions,* the compensation of referees, and the expense of printing papers on appeal. *Sec.* 9, *p.* 371, *Stat. of Min.*

*Third.* When a case is set down for trial on a day certain,

and a party unnecessarily keeps several witnesses in Court for several days previous to the day designated for trial, the witnesses are not entitled to fees for such time, and the party cannot recover their *per diem* for the time such disbursements are unnecessarily incurred.

*Fourth.* Witnesses must be material and necessary to enable the party to establish his side of the issue, or the party summoning them will not be allowed disbursements to such witnesses. Such disbursements are not necessary. *Edmond Hayes vs. Allen Mosher*, 15 *How. p.* 216.

*Fifth.* Where the pleadings form but a single material issue, if the prevailing party claims disbursements to more than two witnesses, where no witnesses have been called, and the case is dismissed or a judgment entered by default, he should establish affirmatively the materiality of said witnesses.

*Sixth.* Transcripts of judgment, or copies of deeds upon the records of other States, are not evidence in the Courts of this State, and cannot be used on the trial of actions in this State, and all disbursements made in procuring them are unnecessary, outside of the cause, and not allowed by law in taxable costs and disbursements of the prevailing party. Costs are allowed as indemnity, and not as a speculation. *Hayes vs. Mosher*, 15 *How.*, *p.* 216.

The following are the points and authorities to brief of Defendant in error:

*First.* The judgment entered in the Court below was not taken by default, as will appear from the case.

The Plaintiff in the Court below moved to dismiss the cause in the Court below, and the motion was granted.

It is not the judgment or order of dismissal that the Plaintiff in error asks this Court to review, it is only the judgment for the amount of costs, which the Plaintiff in error objected to in the Court below.

*See folios* 95–6–7–8 & 9, *of Case,* and the order or judgment of the Court thereon.

And a Writ of Error lies to reduce the amount of a judgment rendered in an inferior Court. *Fitzgerald vs. Caldwell, Addis.* 119.

*Second.* Error lies to reverse a judgment rendered upon a bill of costs, if a mistake be made in the taxation of such bill. *Field vs. Mass. Turnpike Corp.*, 5 *Mass.* 389; *Waite vs. Garland*, 7 *Mass.*, 453; *Thomas vs. Sever*, 12 *Mass.*, 379.

*Third.* Section 54, on page 479 of the Revised Statutes, does not authorize the using of *copies* of records as evidence in the Courts of this State, *but only records themselves*, duly authenticated.

The following are the points and authorities of Defendant in error:

*First.* A Writ of Error does not lie to a judgment by default; there must have been some question presented to the Court for its decision, in order to entitle the Plaintiff in error to this writ. See 2 *Cowen R.*, 31. Our Statutes give the "Writ of Error" as a matter of course, but do not define its office. See *R. S., Chap.* 81, *p.* 416. The office of the writ therefore must be defined as at common law.

*Second.* The errors assigned in this case do not go to the regularity of the judgment by default. No complaint is made that the judgment by default is improperly taken, but the assignment of errors goes only to an incident which follows the judgment as a matter of course. See *R. S., Chap.* 72, *Sec.* 2, *p.* 370.

*Third.* The errors assigned go only to the taxation and allowance of the bill of costs, which is the act of the Clerk in his ministerial capacity. See *Sec.* 7, *Subd.* 9 *of above Chap. of R. S.* To the acts of the Clerk in such capacity, these errors are severally assigned. The question is thus raised as to what is the remedy of a party in such case.

It appears to the undersigned that the proper course in such case is clearly marked out in the following cases, to wit: *Whipple vs. Williams*, 4 *How. P. R.* 28; 3 *Code Rep.* 24; *People vs. Oakes*, 1 *How. P, Rep.* 195; *Beattie vs. Qua*, 15 *Barb.* 132; *Culver vs. Coates*, 10 *H. P. R.* 142; *Willis vs. Deforrest*, 6 *H. P. R.* 413; *Van Schaik vs. Winnie*, 8 *H. P, R.*, 6.

*Fourth.* The record shows that certain objections were made before the Clerk to the allowance of certain items of

cost therein, that thereupon a stipulation was entered into by the attorneys of the respective parties, to submit the whole matter to the decision of the Hon. Chas. E. Flandrau, the Judge of the Court in which the judgment was rendered. Judge Flandrau examined the matter, and wrote the marginal notes on the stipulation as appears of record. This stipulation was a substitute for, and equivalent to an appeal from the taxation of the costs by the Clerk. The examination and writing of the marginal notes on the stipulation by Judge Flandrau, was a substitute for, and equivalent to an order, upon such appeal, to the Clerk to enter in the judgment the amount of costs allowed by said Judge;—this was an order,—it is doubtful whether such an order is appealable, but if it is, the only remedy of the Plaintiff was by an appeal from such order. See *Chap.* 81, *R. .S*; also *Ames vs. Boland,* 1 *Minn. R.*, 367 ; and see also *Beattie vs. Qua,* 15 *Barb.* 132.

Points and authorities on the merits :

*First.* The first point made by the Plaintiff in error, is admitted.

*Second.* The Statute referred to in the Plaintiff's second point, does not go to the extent which the Plaintiff supposes, it (the Statute) includes *all* necessary disbursements, among which are several items about which some doubts have been entertained in New York, under a like or similar Statute. The revisors of the Statutes, in order to settle all doubtful questions in relation to such items, thought proper to declare and enact that they should be "*included,*" but there can be no doubt that all necessary disbursements should be construed to include the expenses of all *legal* evidence, which it is necessary for a party to procure in order to make a perfect defence. If the Plaintiff does not wish to take the risk of paying such necessary disbursements, he need not bring his action. See 13 *H. P. R.*, 13–14.

*Third.* There is nothing to show that the witnesses were "*unnecessarily*" kept in attendance upon the Court during the time intervening between the day when the trial of the case was set down, and the day on which the trial was to be had. Had the Defendant dispersed his witnesses, he might

have been unable to have procured them again in season for the trial. In that case, the Plaintiff might have obtained an easy victory. Before such a result can follow, it must be clearly shown to the Court that such witnesses were *unnecessarily* kept in attendance at Court.

*Fourth.* The pleadings in the case show that there were at least four material issues to be tried. 1st. The *ownership* of the note on which the action was brought. 2nd. The quantity of land lost by the Defendant. 3rd. The value of the land lost by the Defendant. 4th. The notice to the Plaintiff of the equities existing against said note at and before the time of its endorsement to the Plaintiff. But the objection that the Defendant did not show affirmatively that the witnesses were material, cannot now be raised. It should have been made an objection in the points submitted by the stipulation. By the terms of the stipulation, the submission to Judge Flandrau was made upon the bill of costs, and upon the objections of the Plaintiff therewith submitted. No new points can now be made.

*Fifth.* The Plaintiff in Error is mistaken in his sixth point. Such copies, transcripts and judicial proceedings are competent evidence, and in this case the transcript of the judgment, and copies of deeds, were the only evidence that could have been used. The deed from Budgem to Cressey showed the extent of the land conveyed to Cressey. The judgment of the Supreme Court of the State of Maine, showed from how much of said land Cressey was ousted. Parol evidence could not have been used in either case. But see *R. S., p.* 479, *Sec.* 54.

John B. Sanborn, Attorney for Plaintiff in Error.

L. M. Brown, Attorney for Defendant in Error.

*By the Court.*—I. Atwater, J. The only error complained of by the Plaintiff in Error, in the judgment in this cause, is the amount of costs inserted in the entry of judgment. The Plaintiff's attorney appeared before the Clerk to oppose the entry of costs on the judgment, at the time when they were to be adjusted. The attorneys for the respective parties being unable to agree as to the proper amount of costs in favor of

the Defendant, they stipulated in writing, to refer the whole matter to the Hon. C. E. Flandrau, Judge of the Court in which the action was brought, although no formal order was made by the Judge in regard to the costs, yet it appears from the return, that he did examine and pass upon the bill of costs, which was in dispute between the parties, struck out an item of $3, and allowed the balance, amounting to $87,85, which were inserted by the Clerk in the entry of judgment.

The Statute has made no provision for the *taxation* of costs. Sec. 9, page 371, of Revised Statutes, provides " that the Clerk must insert in the entry of judgment, on the application of the prevailing party, upon two days' notice to the other, the sum of the allowances for costs as above provided," &c.

No method of reviewing his acts has been provided by Statute. It was probably supposed that the costs and disbursements, being fixed by Statute, could be easily ascertained and settled by the parties or their attorneys, before the Clerk. In fact, however, many important questions do still arise respecting costs, which not less demand a judicial decision, than other matters in controversy, and we are not disposed to concede that because the Legislature has failed to provide any specific method of reviewing the action of the Clerk in the matter of inserting costs in the entry of judgment, that parties who may be aggrieved thereby, are remediless. The Statute above quoted is substantially the same as that of New York, as amended in 1857. It was held in the case of *Whipple vs. Williams*, 4 *How. Pr. Rep.* 28, that the acts of a Clerk in adjusting and settling the amount of costs are not necessarily final and conclusive, because no review is expressly given. The Court has, as one of its incidental powers, the right to control the legal acts, and compel a performance of legal duty of all its inferior officers, and the exercise of this power is peculiarly necessary in the formal and proper entry of judgment. In *Beattie vs. Qua*, 15 *Barb.* 132, it was held that if the adjustment of costs by the Clerk of a County Court is erroneous, the remedy of a party aggrieved is by a motion in that Court in the nature of an appeal from the decision of the Clerk, not by an appeal from the judgment of the Court. This would seem to be the correct practice, and it is proper the action of the Clerk should

in the first instance be reviewed by the District Judge. But that authority does not go to the extent of declaring the decision of the District Judge final in the matter, nor is there any reason from analogy, why errors of law in that Court upon this point, should not be reviewed by writ from this Court, as well as upon any other subject.

In the case at bar, this course was substantially pursued. The stipulation of the attorneys for the parties, (which is a part of the record,) referring the whole matter to His Honor, Judge Flandrau, stands in place of a formal notice of appeal and hearing, and his decision of the matter, though informal, is made a part of the record, and is equivalent to an order, adjudging the amount the Defendant is entitled to recover. It may well be doubted, whether this would be an appealable order; but the Plaintiff has not appealed from the order, but brought a writ of error upon the judgment, in which it is claimed, and we think properly that the error may be reviewed if any has been committed.

It will be necessary therefore, to examine the costs and charges objected to, in order to determine whether they were all legal costs. Charges are made in the bill to the amount of about forty-two dollars for witness fees and mileage, it being claimed that seven witnesses were in attendance, some six and others four days. There was also an item of $18,78, for " expenses in procuring transcript of judgment and authentication, and copies of deeds and certificates of authentication." The affidavit of verification to this bill of costs simply states that " the foregoing items of costs and disbursements have been paid and incurred in this action by the Defendant." Such an affidavit is entirely insufficient to meet the requirements of the Statute, loose even, as this is upon the subject. This only authorizes the insertion in the entry of judgment of " necessary" disbursements, and it devolves upon the party claiming them to show at least *prima facie* that they are necessary and not upon the opposing party to prove the contrary. The least that could be required in regard to these disbursements, would be, that the party should state in his affidavit, that they were " necessary." Without such statement, the affidavit of verification would be worthless, for any practical purpose. And in

regard to claims for attendance for so large a number of witnesses, and for copies of such papers as are mentioned in the bill of costs above referred to, it would be not unreasonable to require the party to state the *facts* showing their necessity. It cannot be permitted that a party should make a large bill of costs for witnesses and copies of papers, and insert the same in the entry of judgment, on an affidavit merely that " these costs have been paid and incurred." He must show the Court that they were necessary.

It is true a further affidavit of the Defendant appears in the record stating in substance, " that the witnesses whose names are mentioned in the bill of costs, actually attended 'at the Court for the purpose of testifying for him in said action, and that they travelled the number of miles and attended said Court the number of days in said notice mentioned, and that the item of $18,75 was actually expended and paid out by him in procuring the transcript and copies therein mentioned." It does not appear that this affidavit was used either before the Clerk or Judge to whom the matter was referred, as the affidavit bears date the 11th of May, (the same day that judgment was entered,) and the filing of the stipulation to refer, bears date the 30th of April. But however this may be, this affidavit is also defective in the most important respects.

It states that the witnesses attended Court for the purpose of testifying for Defendant, but does not state that they attended the number of days mentioned and charged for, *for that purpose.* For aught that appears, they might have been in attendance on business entirely foreign to this suit. Indeed, as it appears from the record, that in the third day of the term, the cause was set down for the ninth day of the term, the inference is strong that these witnesses were not *necessarily* in attendance for six days. It does not follow of course, that where a cause is set down for a particular day, that a party cannot charge for witnesses' fees during the intervening time. This must always be governed by the circumstances of the case. If the time was short, and the witnesses lived at a considerable distance, the party might be justified in keeping his witnesses in attendance. If on the other hand, considerable time was to elapse (as in this case,) and the witnesses were convenient, a party

ought not be permitted to charge for the attendance of his witnesses, on days when not needed.    To allow this, would make the law an instrument of oppression and injustice.    Of the four witnesses charged six days each, it appears one lived one mile distant, one ten, and two twelve, or at least their mileage is charged for these distances.    It does not appear that these witnesses were in attendance earlier than the third day of the term, and if so, it would be unreasonable to keep them in attendance and charge for the same until the ninth day of the term, when the cause was dismissed.    The requisites of an affidavit to tax costs for witnesses, are stated in *Ehle vs. Bingham*, 4 *Hill*, *p.* 495.    Although that decision was made with reference to a particular statute regulating the practice in New York, yet no reason is apparent why the rule there laid down should not obtain in the Courts of this State.    Indeed, it would seem entirely reasonable that even more should be stated in the affidavit, than is there required, and that not only the number of days, but the *dates* of the attendance of each witness should be shown.    The case at bar is an instance of the necessity of such rule, as otherwise there would be no means of ascertaining whether the charges were for the days when the attendance of the witnesses was necessary.    See further on this subject, *Dean vs. Williams*, 6 *Hill*, 376 :  3 *Hill* 457 ; *Schermerhorn vs. Van Voast*, 5 *Hill*, 458 ; *Dowling vs. Bush*, 6 *How.*, 410 ;  *Hager and Wife vs. Danforth*, 8 *How.* 448 ; *Wheeler vs. Lozee*, 12 *How.* 446 ; *Taylor vs. McMeehan*, 2 *Bailey*, 131 ;  *Wheeler vs. Lozee*, 12 *How.* 446 ; 11 *ib.* 160 ;  6 *Wend.* 562.

The affidavit is also totally defective in respect to the charge of $18,75 for transcript and copies of papers, mentioned in the bill of costs.    There is no allegation whatever that these papers were necessary on the trial of the cause, nor even that they were procured to be used for that purpose.    If such practice is countenanced, and parties are to be mulcted in costs on the mere affidavit of the party that the " costs and disbursements have been paid or incurred, " it would open a wide door for illegal and improper charges, and leave the Courts powerless to prevent them.    It is very questionable whether some of the papers charged for, could have been used at all upon the trial

as evidence, and the bill of costs should have specified the charges separately, in order that the charge for such might be stricken out, if any appeared.

The judgment must be reversed, with costs, and cause remanded for retaxation.