REID, impleaded with STEWART, VS. CASE.

The note upon which a judgment is confessed under a warrant of attorney is not, by law, a part of the record or judgment roll.

If such a note was *without the signature* of the party against whom the judgment was rendered, and if he is entitled to relief on that ground, he should proceed by motion in the court below to set aside the judgment, upon affidavit showing the facts.

ERROR to the County Court of *Dane* County.

The note sent up with the record in this case was signed by J. W. Stewart, but did not purport to be signed by the plaintiff in error. The other facts are stated in the opinion of the court.

*Julius T. Clark*, for plaintiff in error :

A warrant of attorney is not sufficient to authorize a judgment without the note which it describes ; and the note in suit is not the note described in the warrant of attorney. If it is said that it was intended by the parties that the note should be signed by the plaintiff in error, that fact should have been alleged in the complaint, and the plaintiff in error should have had his day in court to determine the question. But there is nothing in the record here to support the judgment.

*E. A. Spencer*, for defendant in error :

1. Under the Revised Statutes of 1858, the execution of the warrant of attorney attached to the note, was, to all intents and purposes, an execution of the note. 2. The judg-

ment cannot be disturbed in a proceeding in error. All errors (if any have intervened) have been released by the attorney confessing judgment, according to the authority conferred upon him by the warrant. 3. The plaintiff in error is estopped from denying any fact recited in the warrant of attorney. That instrument admits his indebtedness to the defendant in error on a promissory note precisely like that attached to the warrant. *Love vs. Rockwell*, 1 Wis., 382 ; 5 B. & Ald., 682 ; Bouvier's Law Dic., title "Estoppel;" 4 Blackf., 435 ; 3 Ind., 449 ; 7 id., 600; 2 Watts & Serg., 135 ; 5 Watts, 307 ; 3 Iowa, 205; 10 Wis., 499. 4. If the plaintiff in error is injured by this judgment, an application to the court below, with an affidavit of a meritorious defense, will put him in position to defend. He is not entitled to relief in this court.

December 11.    *By the Court*, COLE, J. This is a writ of error prosecuted to reverse a judgment entered in the county court of Dane county, upon a warrant of attorney, against the plaintiff in error and one J. W. Stewart. The practice adopted was that prescribed by the statute, the plaintiff below filing with his complaint an answer signed by an attorney, on behalf of the defendants, under the authority conferred by the warrant of attorney, in which he confessed the amount due, and released all errors which might intervene in the entry of the judgment. The warrant of attorney authorized the filing of this cognovit, and contained the usual clause releasing all errors, &c., in the entering up of the judgment and issuing of execution thereon. It is now claimed that the judgment is unauthorized because the plaintiff in error did not sign the note upon which judgment was rendered. It is conceded that he signed the warrant of attorney with Stewart, which recites that they were justly indebted to *Case* upon a certain promissory note of even date for the sum of ninety-five dollars, further describing the note and authorizing the entry of a judgment for the amount due thereon.

We are unable, as the case now stands, to reach the objection which the plaintiff in error raises, viz., that the note upon which judgment was entered was never executed by

him, for the reason that the note is no part of the record, and is therefore not before us. The warrant of attorney authorizes the entry of a judgment against the parties giving it, on the note therein described. How can we presume that this was not done? It may be said that the note which is found among the papers embraced in the record, must be assumed to be the note upon which judgment was entered. It is very true that at the top of the paper containing the warrant of attorney, is what purports to be a note signed by J. W. Stewart, but we know of no provision of law making that note a part of the record, and we cannot therefore consider it any more than we could any other fugitive paper which might be found among the papers. Section 35, chapter 132, declares what shall constitute the judgment roll, and it does not make a promissory note, which is merely evidence of indebtedness, a part of the roll. It may be said that the statute makes all papers in any way involving the merits, and necessarily affecting the judgment, a part of the judgment roll, and therefore that the note becomes a part of it. But we do not think this language was intended to apply to the evidence which establishes a cause of action. If it did, there would be no need of a bill of exceptions, or case, containing the evidence, in order to make such evidence a part of the record.

We think the proper practice in this case was, for the plaintiff in error to make an application to the court below to set aside the judgment, for the reason that it was entered upon the wrong note, and one which he had never signed, accompanying this motion with an affidavit to that effect, and if that court had refused to set aside the judgment, he could have appealed from the order denying the application, and in this way have brought the question he wishes to reach properly before us. But as it is, we cannot conceive how we can consider it, the note not being a part of the record.

The judgment of the county court is affirmed.