January Term 1862.

CORD
v.
SOUTHWELL.

DIXON, C. J., dissented.

---

CORD VS. SOUTHWELL, impleaded, &c.

Where there is no bill of exceptions, nothing is in the record except such papers as properly constitute the judgment roll.

The evidence in such case, whether documentary or otherwise, does not constitute any part of the judgment roll.

A stipulation made between parties, as to the order in which mortgaged premises shall be decreed to be sold, and an order directing that a certain sum shall be allowed as a solicitor's fee in addition to the taxable costs, necessarily affect the judgment and involve its merits, and are part of the judgment roll.

But the order for the taxation of costs, being an order made *before* judgment, cannot be reviewed in this court, unless a written exception to it was filed, and incorporated, with the order, in the bill of exceptions.

An order fixing costs to be inserted in the judgment, though made after the judgment was otherwise complete, is to be regarded, for the purpose of appeal and review, as having been made *before* the judgment.

The mortgage does not become part of the record or judgment roll in a foreclosure suit by the fact of its being filed among the papers in the cause.

15 | 211
88 | 38
15 | 211
93 | 139
15 | 211
111 | 4326

January Term, 1862.

CORD
v.
SOUTHWELL.

This court will not review the taxation of costs when the subject was not brought to the attention of the court below. For that purpose exceptions are necessary, showing what occurred before the court and taxing officer, the items objected to, and the decision of the court thereon.

Notice must in all cases be given before the costs can be taxed (R. S., chap. 133, sec. 44), and if not given, the taxation may be set aside for irregularity.

If a party, after due notice, fails, without reasonable excuse, to appear before the taxing officer, he loses all benefit of objection to any item which might under any circumstances be lawfully taxed.

If the clerk should, in such case, exceed his jurisdiction, and allow items not given by law in any state of case, the party would not be concluded by such taxation, but might move the court at the earliest moment to correct it, and it would be done.

The court may direct the order in which mortgaged premises shall be sold, upon facts shown at the hearing, or by consent of parties, although no foundation for such direction was laid in the pleadings.

A direction in a judgment of foreclosure that the sheriff shall deduct from the moneys arising from the sale, the amount of any lien on the premises for taxes and assessments, does not authorize him to *pay* such taxes or assessments. He must bring the money thus deducted into court, to be disposed of as the court, after proper examination, shall direct.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mortgage on lot 7, block 69, in Milwaukee, executed by the appellant, *Southwell*, to one Cooper, and assigned by him to the plaintiff. The complaint was in the usual form, and alleged, *inter alia*, that the mortgagor agreed by the terms of the mortgage to pay the taxes on said lot, and had failed to pay them. It did not allege that there was any covenant in the mortgage respecting solicitor's fees, or any agreement on the part of the mortgagor to pay such fees.

*Southwell* filed an answer, which was not sustained by proof, and in respect to which no question arose in this court. Before the hearing, the following stipulation was filed in the case: "It is hereby stipulated between A. C. Frazer, attorney for the above named plaintiff, and Stephen A. Harrison, one of the above named defendants, that the decree or order of sale of the mortgaged premises in this action, shall contain a clause providing that that portion of the mortgaged premises mentioned and described as follows : ' That portion of lot No. 7, in block 69, in the seventh ward of the city of Milwaukee, bounded by a line commencing at the northwest corner of said lot, and running thence southerly along the

west line thereof twenty six feet to a point; thence easterly on a line parallel with the north line of said lot seventy five feet to a point; thence northerly along a line parallel with said west line, to the north line of said lot; thence to the place of beginning; and all the buildings and appurtenances situate thereon,'—shall not be sold or exposed for sale until all the other portions of the mortgaged premises shall have been sold, and the proceeds of such sale shall be found insufficient to pay the amount ascertained to be due said plaintiff by the decree of foreclosure, together with the costs and disbursements included in such judgment, and costs and expenses of sale. Aug. 14, 1860."

On the 4th of May, 1861, the court entered a judgment of foreclosure for $2769.19, in which it was, among other things, ordered, "that the mortgaged premises described in the complaint in this action, as hereinafter set forth, or so much as may be sufficient to raise the amount due to the plaintiff for principal, interest and costs, and which may be sold separately without material injury to the parties interested, be sold at public auction, in the county of Milwaukee, by or under the direction of the sheriff of said county, provided, however, and it is hereby adjudged, that all of the said mortgaged premises, except the frame building or dwelling house on the north part of the same, be first sold by the said sheriff, before offering the said building or dwelling house for sale; and that in case that portion of the said premises herein before first [ordered to be] sold, shall not be sufficient to raise the amount due to the plaintiff for principal, interest and costs aforesaid, then the said frame building or dwelling house be also sold." The judgment also directed, "That out of the moneys arising from such sale, after deducting the amount of his fees and expenses on such sale, and any lien or liens upon said premises so sold, at the time of such sale, for taxes and assessments, the said sheriff pay to the plaintiff or his attorney, the sum of $170.14, adjudged to the plaintiff for costs and charges in this action, with interest from the date hereof, and also the amount so found due." In other respects the judgment of foreclosure was in the usual form. On the 9th of May, 1861, the court made

the following order: "It satisfactorily appearing that the plaintiff in this action is entitled, by a provision in the mortgage to foreclose which this action is brought, to a reasonable sum as attorney's fees, and that $100 in addition to the taxable costs is reasonable, on motion of A. C. Frazer, attorney for the plaintiff, it is ordered that the said sum in addition to the taxable costs be, and the same is hereby allowed for that purpose. The clerk of this court is hereby directed to allow the same in the taxation of costs in this action." The costs taxed to make up said sum of $170.14, inserted as costs in the judgment, were the following: State tax, $1; clerk's fees, $15.24; abstract, $8; printer, $19.40; postage, $1; register, 50 cts; plaintiff's attorney, $125. The printed case contains the following statement: "The bond and mortgage were filed in this action as part of the record, and the mortgage contained a covenant to pay taxes, and then followed in it the following words: ' And also will pay the sum of        dollars as solicitor's fees, in case of the foreclosure of this mortgage by reason of the non-performance of any of the conditions hereof by the party of the first part.' This clause was printed in the mortgage, and the blank was. left unfilled." *Southwell* appealed.

*Jason Downer*, for appellant:

1. The court erred in ordering the land without the frame building to be first sold, and that if the proceeds did not satisfy the judgment, then the building should be sold. There is no foundation in the pleadings or evidence, for any judgment separating in this sale the house from the land. 2. That part of the judgment is erroneous which directs that after deducting out of the proceeds of sale the amount of any liens for taxes or assessments, the sheriff shall pay, &c. The sheriff cannot determine what is a valid tax or assessment. If the plaintiff wished taxes on the mortgaged premises paid out of the proceeds of sale, he should have specified them in his complaint, and had a judgment fixing their amount. 3. The allowance of $100 as attorney's fees, in addition to taxable costs, was erroneous, as there was no allegation in the complaint of any agreement in the mortgage or otherwise, to pay that sum or any sum, nor any proof of such an agree-

ment. The mortgage itself, being in the record, shows that
there was no such agreement. 4. The taxation of $15.24,
clerk's fees, is erroneous, as the statute limits the clerk to
ten dollars in each case. R. S. chap. 133, sec. 7.

*A. C. Frazer*, for respondent.

*By the Court*, Dixon, C. J.   There being no bill of excep-
tions, nothing comes up but such papers as properly consti-
tute the judgment roll.   The evidence upon which the judg-
ment, orders and other proceedings were founded, whether
documentary or otherwise, does not constitute any part of
the judgment roll, and consequently cannot be considered.
*Reid vs. Case*, 14 Wis., 429.   Among other papers, the stat-
ute declares that the roll shall contain all orders and papers
in any way involving the merits and necessarily affecting the
judgment. R. S., chap. 132, sec. 34.   This, I think, includes
the stipulation between the plaintiff and the defendant *Har-
rison*, the order for attorney's fees, and the taxation of costs.
It seems clear to me that they are orders and papers neces-
sarily affecting the judgment and involving its merits.   The
statute declares that upon an appeal from a final judgment,
the clerk shall transmit the judgment roll, and that this court
may, upon such appeal, review any intermediate order in-
volving the merits and necessarily affecting the judgment.
Laws of 1860, chap. 264, secs. 5, 6.   I think, therefore, that
these papers are here, but that the order and taxation can-
not be reviewed, for reasons which I will proceed to state.

The twelfth section of the act (chap. 264, Laws of 1860),
provides that for the purpose of reviewing orders made be-
fore judgment, written exceptions to such orders may be filed
within ten days after written notice of them, and that the ex-
ceptions with the orders may be incorporated in the bill.  This
provision is general, and includes all orders, whether they
be such as constitute part of the judgment roll or not.   It
was objected that this was not an order made before judg-
ment, and therefore not within the statute.   But I do not,
think so.   It was an order fixing costs to be inserted in the
judgment.   Costs constitute part of the judgment, and I do
not think it can be deemed perfected until they are ascer-

May 15.

tained and included; and therefore, though the order may in fact have been made after the judgment was otherwise complete, yet for the purpose of appeal and review, it must be taken to have been made before. Without this, the parties might be without the means of correcting a most serious grievance, where I am satisfied the legislature intended to provide a remedy. The order cannot be reviewed, because no exceptions were taken to it, and for the further reason that it purports to be founded upon a provision contained in the mortgage, which is not before us. We cannot look into the mortgage to see whether it was authorized. The mortgage, or so much of it as was necessary, should have been incorporated in a bill of exceptions, to enable us to examine it.

We cannot review the taxation, for the reason that it was not brought to the attention of the court below. For that purpose exceptions are necessary, showing what occurred before the court and taxing officer, the items objected to, and the decision of the court thereon. It cannot be tolerated that the party may come here upon appeal from a judgment, and raise his objections to items of costs for the first time. Our business is to review the decisions of courts below upon questions actually made and decided there. Decisions are very numerous and uniform, that objections thus taken will not be entertained. *Hoffman v. Skinner*, 5 Paige, 526; *Beattie v. Qua*, 15 Barb., 132; *Lyon v. Wilkes*, 1 Cow., 591; *Cuyler v. Coates*, 10 How. Pr. R., 141; *Castro v. Illies*, 11 Texas, 39; *Day v. Berkshire Woollen Co.*, 1 Gray, 420; *People v. Oakes*, 1 How. Pr. R., 195. And in most cases the objecting party was likewise required to show, by affidavit or otherwise, that he appeared and opposed the taxation before the taxing offi cer. If he did this, he might then be heard before the court as to the *disputed* items, upon motion for re-taxation, in the nature of an appeal; else he waived objections. And this I deem to be the true rule upon the subject, that if, after due notice, he fails, without reasonable excuse, to appear before the taxing officer, he loses all benefit of objection to any item which might, under any circumstances, be lawfully taxed. The statute provides that the clerk shall insert in the entry of judgment, on the application of the prevailing party,

January Term,
1862.

CORD
v.
SOUTHWELL.

upon two days' notice to the other, the sum of the charges, for costs, necessary disbursements, and fees of officers allowed by law. R. S., chap. 133, sec. 44. This notice must in all cases be given before the costs can be taxed and inserted, and if it be omitted, the taxation will be set aside for irregularity. 5 Paige, 526. The object of this notice is very evident. It is that the opposite party may appear and object, if he desires to do so. If he does not, he assents to all items legally taxable, and the court will not afterwards investigate them upon his motion. This is the legitimate result of his default. But if there be an excess of jurisdiction—if the clerk allows items not given by law in any state of case, he will not be concluded by such taxation, but may move the court, at the earliest opportunity, to correct it, and it will be done. His failure to appear cannot be construed into a consent that costs may be taxed which the law, under no circumstances, allows. This may have been the fact as to the excess of clerk's fees above $10 in this case, but the defendant did not move the court to set it aside. If he had done so, and the motion been denied, he might, by proper exceptions, have brought the question before this court.

There is no error apparent on the face of the judgment. It was not necessary, in order to justify the directions as to the manner of selling the mortgaged premises, that a foundation should be laid in the pleadings. The court might make them upon facts shown at the hearing, or by consent of parties. The evidence does not appear, and no presumption can be indulged against the validity of the judgment. If the directions were wrong, it is incumbent on the defendant to show them to be so. Besides, it does not appear that he is in the least prejudiced by them.

The direction to the sheriff to deduct from the moneys arising from the sale the amount of any lien or liens upon the mortgaged premises for taxes and assessments, does not authorize him to pay such costs and assessments, or perform any judicial function whatever. The fair and reasonable construction is, that he is to bring the moneys thus deducted into court, to be disposed of as the judge, after the proper examination, shall direct.

Judgment affirmed.