## AKERLY vs. VILAS.

*Printing evidence in bill of exceptions — Taxation of costs in supreme court — Notice required.*

1. On an appeal to this court, where questions of fact are in issue, the evidence bearing on them should be printed in full.

2. The fact that appellant, in making up his printed cases, used parts of printed cases prepared on a former appeal, but for the printing of which he had never before recovered any costs, will not prevent his recovering for the printing of *the whole case* as used on the present appeal.

3. Taxation of costs in this court must be *on notice;* and in the absence of any specific provision, by statute or rule of court, as to the length of such notice, it must be a *reasonable* one.

4. Taxation on notice will not be reviewed unless the objections are first taken before the clerk.

PAINE, J. This is a motion to set aside the taxation of costs by the clerk of this court, upon the ground that no notice of taxation was given, and also that costs were taxed for disbursements which ought not to have been.

We can see no objection to the amount of the costs taxed. The case came up on the whole evidence, and it was printed in full. It is true, the rule provides that the printed case shall contain "a brief abstract of the return of the clerk," etc. But this court at an early day dismissed a number of cases in which it became necessary to pass upon questions of fact, because the printed case did not state the evidence fully enough to enable them to do so without examining the original record. And since that time it has been the almost invariable practice to print the entire bill of exceptions, in cases where this court is to review the facts. And it is difficult to see how the court could satisfactorily pass upon such questions upon only a partial statement of the evidence. The printing in this instance was in conformity with the practice that has long prevailed under this rule.

But it appears from the affidavits filed on the motion, that, in making up his printed case on this appeal, the appellant used parts of an old printed case on a former appeal, but for the printing of which he had never before recovered any costs. And he has taxed now only the actual amount paid.

This circumstance is wholly immaterial. So long as he has only taxed the actual expense of printing the case, which he was required to prepare on this appeal, according to the customary rates, it is of no concern to the other party that he may have procured the printing of some portions of it at a former time and for another purpose. There is no objection whatever to such a practice.

But the taxation was irregular for want of notice to the opposite party. The question of notice of taxation does not seem to be very distinctly determined either by the statute or rules of court. The only provision I can find in regard to it is that in section 44, chapter 133 of the Revised Statutes of 1858. That provides that the clerk shall insert in the entry of judgment, on the application of the prevailing party, "upon two days' notice to the other," the sum of the charges for costs, etc., necessary disbursements and fees of officers, including the compensation of referees "and the expense of printing the papers on any appeal," etc.

It is undoubtedly true that most of the provisions of this chapter relate to costs in the lower courts. But the clause in the section just quoted in relation to taxing the expense of "printing papers on any appeal," it would seem, could have no application except in this court; for it is here only that papers are required to be printed on an appeal. At all events, it is a fundamental principle in law, that no matter shall be decided against a party, in which he is interested, without first giving him notice. And whether there is any statute or rule specifically regulating it, or not, we have concluded to hold, in accordance with this principle, that it is irregular to tax costs

before the clerk of this court without notice to the opposite party.

It is true, there is ordinarily not much probability of a contest in respect to the costs taxed here. But there may be, and has been in a few instances in regard to the disbursements. And this shows the necessity of a notice. And we have concluded to apply to the taxation of costs in this court the same rule applied to taxation in the circuits in the case of *Cord v. Southwell*, 15 Wis. 216.

We shall hold hereafter that the taxation of costs without notice is irregular, and that, if notice is given, the taxation will not be reviewed, unless the objections are first made before the clerk. And in the absence of any specific provision in regard to the length of the notice, it should be a reasonable one.

The motion to set aside the taxation in this case will be granted. But, as the practice has not been specifically provided for either by statute or rule, and as the custom has been quite general of taxing costs here without notice, the motion will be granted without costs to either party. See concluding remarks of the chancellor, in *Hoffman v. Skinner*, 5 Paige, 526.

*By the Court.* — Motion granted, without costs to either party.